| | |
|---|---|
| TCW SPECIAL CREDITS, <br><br> Plaintiff, <br><br> V. <br><br> FISHING VESSEL CHLOE Z, <br><br> Defendant - Appellee, <br><br> V. <br><br> ROBERT MATOS, <br><br> Plaintiff-intervenor, <br><br> And <br><br> SLOBODIAN PRANJIC, <br><br> Plaintiff-intervenor - Appellant. | No. 04-15948 <br> D.C. No. CV-96-00055-JSU <br><br> **JUDGMENT** <br><br> FILED <br> DISTRICT COURT OF GUAM <br> SEP 1 1 2006 <br> MARY L.M. MORAN <br> CLERK OF COURT |

Appeal from the United States District Court for the District Of Guam (Hagatna).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District Of Guam (Hagatna) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **REVERSED and REMANDED**.

COSTS TAXED

Filed and entered 06/05/06

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 31 2006

by: Ruben Talavera
Deputy Clerk

Form 10. Bill of Costs



## United States Court of Appeals for the Ninth Circuit

### BILL OF COSTS

04-15948

**Note:** If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and Circuit Rule 39-1 when preparing your bill of costs.

Slobodan Pranjic v. M/V/ Chloe Z et al     CA No. 93-2661-07

The Clerk is requested to tax the following costs against: _____

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, Circuit Rule 39-1 | REQUESTED Each Column Must Be Completed | | | | ALLOWED To Be Completed by the Clerk | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs.* | Pages per Doc. | Cost per Page ** | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page | TOTAL COST |
| Excerpt of Record | 1 | 601 | .1224 | 73.56 | 12 | 300 | .10 | 360.00 |
| Appellant's Brief | 1 | 343 | .175 | 60.03 | 20 | 52 | .10 | 104.00 |
| Appellee's Brief | ~~1~~ | ~~434~~ | ~~.1538~~ | ~~66.75~~ | | | | |
| Appellant's Reply Brief | 1 | 3255 | .1063 | 346.01 | 20 | 34 | .10 | 68.00 |
| | | | TOTAL | $ ~~546.35~~ | | | TOTAL | $ 532.00 |

# Form 10. Bill of Costs - *Continued*

**Other:** Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys fees **cannot** be requested on this form.

\* If more than 7 excerpts or 20 briefs are requested, a statement explaining the excess number must be submitted.

\*\* Costs per page may not exceed .10 or actual cost, whichever is less. Circuit Rule 39-1.

---

I, DWIGHT RITTER, swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature: *[signed] Dwight Ritter*
Date: 6/15/06

Name of Counsel (printed or typed): DWIGHT RITTER
Attorney for: ROBERT MATOS + SLOBODAN FRANTIC

---

Date: 8-31-06    Costs are taxed in the amount of $ 532.00

Clerk of Court
By: Ruben Talavera, Deputy Clerk

---

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 3 1 2006

by: *Ruben Talavera*
Deputy Clerk

Form 10. Bill of Costs

## United States Court of Appeals for the Ninth Circuit

### BILL OF COSTS

04-15948

**Note:** If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and Circuit Rule 39-1 when preparing your bill of costs.

Robert Matos v. M/V Chloe Z, et al         CA No. 93-2661-07

The Clerk is requested to tax the following costs against: _____

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, Circuit Rule 39-1 | REQUESTED Each Column Must Be Completed | | | | ALLOWED To Be Completed by the Clerk | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs.* | Pages per Doc. | Cost per Page ** | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page | TOTAL COST |
| Excerpt of Record | 1 | 602 | .1224 | 73.69 | | | | |
| Appellant's Brief | 1 | 342 | .175 | 59.85 | | | | |
| Appellee's Brief | 1 | 434 | .1538 | 66.75 | | | | |
| Appellant's Reply Brief | 1 | 3254 | .1063 | 345.90 | | | | |
| | | | TOTAL | $ 546.19 | | | TOTAL | $ |

# Form 10. Bill of Costs - *Continued*

**Other:** Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys fees **cannot** be requested on this form.

\* If more than 7 excerpts or 20 briefs are requested, a statement explaining the excess number must be submitted.

\*\* Costs per page may not exceed .10 or actual cost, whichever is less. Circuit Rule 39-1.

---

I, _DWIGHT RITTER_, swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature: _Dwight Ritter_
Date: _6/15/06_

Name of Counsel (printed or typed): _DWIGHT RITTER_
Attorney for: _ROBERT MATOS + SLOBODAN FRANJIC_

---

Date: _8-31-06_ Costs are taxed in the amount of $ _DENIED_

Clerk of Court
By: _Ruben Talavera_, Deputy Clerk

as duplicative of previous cost bill, counsel submitted one set of briefs for all parties represented.

```
A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 31 2006

by: Ruben Talavera
    Deputy Clerk
```

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 05 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TCW SPECIAL CREDITS,<br><br>    Plaintiff,<br><br>v.<br><br>FISHING VESSEL CHLOE Z,<br><br>    Defendant - Appellee,<br><br>v.<br><br>ROBERT MATOS,<br><br>    Plaintiff-intervenor,<br><br>and<br><br>SLOBODIAN PRANJIC,<br><br>    Plaintiff-intervenor - Appellant. | No. 04-15948<br><br>D.C. No. CV-96-00055-JSU<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Guam
John S. Unpingco, District Judge, Presiding

Argued and Submitted March 17, 2006

---

\*  This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

San Francisco, California

Before: NOONAN and HAWKINS, Circuit Judges, and REED,[***] District Judge.

These actions by two injured seamen have already been twice before this court. On the first occasion, we affirmed the *in personam* judgments against the owner of the M/V Chloe Z. It developed that the owner was unable to pay and that its insurer had issued an indemnity policy that would pay only if the owner paid first. The second time before this court we remanded the case for a fact-finding hearing to see if misrepresentations about the insurance had misled the plaintiffs so that their *in rem* claims should not be barred by the three-year statute of limitations. *See* 46 App. U.S.C. § 763a (West 2005); *Usher v. M/V Ocean Wave*, 27 F.3d 370 (9th Cir. 1994) (per curiam). The district court subsequently and correctly found no misrepresentations and no equitable estoppel. The question, however, remains whether the plaintiffs' *in rem* action was barred by the statute of limitations.

The defendant vessel argues, with some plausibility, that implicit in our remand on the issue of equitable estoppel was a holding that, absent such estoppel, the statute of limitations was a bar. As the district court had in the first instance

---

[***] The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

Case 1:96-cv-00055   Document 1573   Filed 09/11/2006   Page 8 of 16

relied on equitable estoppel, it was natural to send the case back on this issue. Now that the equitable estoppel issue has disappeared, we address, for the first time, whether the *in rem* proceeding was barred by the statute of limitations.

The two plaintiffs filed both their *in personam* actions and their actions *in rem* against the vessel on May 11, 1994. The date was well within the three-year period. The vessel at first did not answer, and a default judgment was entered. But the vessel then appeared in the case and was allowed to respond to the plaintiffs' complaint. It does not lie in the vessel's mouth to assert that the suit was barred when the vessel itself willingly entered the litigation and made no mention of any statute of limitations bar.

Twice, stipulations were signed by counsel on both sides dismissing the vessel. On neither occasion were the stipulations signed or approved by the district court. The stipulations were accordingly without validity. *See* D. Guam Ct. R. GR 3.1 (2006) (formerly codified as D. Guam Ct. R. 126.3 (1996)). The defendant has not challenged this rule.

We did not rule on the timelessness of the *in rem* claims at any earlier stage, although explicitly petitioned by the defendant to do so. The defendant, briefing this case, admitted that the *in rem* claims were alive ("pending") in July 1996, when the *in personam* claims came to trial. They did not merge with the *in*

3

*personam* judgments of that year and remained pending until ruled upon, as they now are.

The plaintiffs' *in rem* judgments against the proceeds of the sale of the vessel are valid. Accordingly, the judgment of the district court is REVERSED, and the case is REMANDED for proceedings in accordance with this disposition.

**COSTS TAXED**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 3 1 2006

by: Ruben Talavera
Deputy Clerk

4

**TCW Special Credits, et v F/V Chloe Z** 04-15948

REED, District Judge, dissenting:

I respectfully dissent. Only two issues are validly raised on this appeal: (1) whether the district court erred in determining that the Chloe Z was not equitably estopped from asserting the statute of limitations and (2) whether the district court erred in denying the injured seamen's motions to consolidate their *in rem* claims with TCW's mortgage foreclosure against the Chloe Z. Having concluded that neither of these decisions was error, the court nonetheless decides the case in favor of Appellants Matos and Pranjic by finding that the statute of limitations on their *in rem* claims was tolled by their abandoned 1994 *in rem* action against the Chloe Z.

As an initial matter, I agree with Appellee's contention that our 1999 remand on the issue of equitable estoppel implicitly held that, absent such estoppel, the statue of limitations was a bar. Accordingly, our reconsideration of that argument here is inappropriate, particularly given the six years of additional litigation our prior holding spawned.

Looking beyond the prior holding to the merits of the argument, I see no basis for tolling Appellants' claims against the Chloe Z. A claim may be

1

tolled by statute or in equity. *See Nelson v. Int'l Paint Co.*, 716 F.2d 640, 645 (9th Cir. 1983). No statute tolled the Appellants' claims, so any tolling must be equitable. The doctrine of equitable tolling allows the court to toll the running of a statute of limitations "in situations were the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). In rejecting Appellants' equitable estoppel appeal, the court here accepts the district court's finding that Appellants' failure to pursue their 1994 *in rem* complaint against the Chloe Z was the product of poor judgment, not a defective pleading or any misconduct by the Chloe Z. This is tantamount to a finding that the decision not to try the 1994 *in rem* claims was "garden variety excusable neglect," which precludes equitable tolling. *Id.*

Because voluntary dismissal of a claim eliminates the possibility of tolling, the question of whether Appellants voluntarily dismissed their claims against the Chloe Z has become almost the dispositive issue in this case. The majority acknowledges that the parties twice stipulated to dismissal of the *in rem* claims against the Chloe Z, but finds that the

stipulations had no effect because they did not comply with the District of Guam's Local Rule 3-2, which states that "stipulations shall not be effective unless approved by the judge." I cannot agree with this conclusion.

Although it is true that Judge Coughenour, the district court judge who presided over the 1994 lawsuit, did not *sign* the dismissal stipulations, he did *approve* them, which is all that Local Rule 3-2 requires. The record makes it clear that the parties discussed the dismissal of the *in rem* claims against the Chloe Z with Judge Coughenour at the May 1999 pre-trial conference when they discussed the fact that the *in personam* defendant was going bankrupt and would likely not be able to pay any judgment. There is no doubt that Judge Coughenour knew of the stipulated dismissal and the possibility that Appellants would not be able to collect a judgment for their injuries from the *in personam* defendant. The fact that Judge Coughenour allowed the trial to go forward without the participation of Chloe Z evidences his tacit, if not explicit, approval of the dismissal.

In an attempt to shrug off these concerns, the disposition makes two assertions that directly contradict the record. First, the disposition states that "the defendant has not challenged [the District of Guam's Local Rule 3-2]." Contrary to that statement, the Chloe Z argued in its 1999 appeal that Local

3

Rule 3-2 directly contradicts Federal Rule of Civil Procedure 41, which allows parties to stipulate to dismissal without court order. See, e.g., *American States Ins. Co. v. Dastar Corp*, 318 F.3d 881, 888 & n.9 (9th Cir. 2003). If the district court's local rule contradicts the federal rule, the local rule is void. See *Atchison, Topeka and Santa Fe Ry. Co. v. Hercules Inc*, 146 F.3d 1071, 1074 (9th Cir. 1998). This argument against the finding that the stipulated dismissals were invalid is not trivial, yet has been dismissed without analysis in our dispositions of both the current and the 1999 appeals. It is true that this argument was not raised in the current appeal, but neither was the issue of whether the plaintiffs' *in rem* claims were barred by the statute of limitations. Since we are revisiting the statute of limitations question, fairness dictates that we revisit the Chloe Z's arguments as to why the stipulated dismissals should be considered effective.

Along the same lines, the disposition claims that the Chloe Z admits that the stipulations were ineffective. Looking at the record as a whole, I do not believe it is fair to conclude that the Chloe Z admits that the *in rem* claims were still pending in 1996. The Chloe Z argued twice that the *in rem* action was not pending because of the stipulated dismissal in the 1994 lawsuit—once in its motion for reconsideration of the District Court's denial

4

of the Chloe Z's motion to vacate the Plaintiffs' warrant for arrest of the Chloe Z and once in its opposition brief in the 1999 appeal. Having seen this argument rejected by the District Court and ignored by the 1999 panel in its memorandum disposition, it is not surprising that Appellee argued here from the position that the *in rem* claim was still pending in July 1996 in this appeal. Further, it had nothing to lose by going along with the courts ruling, because the equitable estoppel hearing assumed that the statute of limitations would be a bar to the complaint-in-intervention, regardless of whether the *in rem* claim was pending in July 1996. If we had informed the parties that we were revisiting the issue of whether the statute of limitations had passed, I doubt that the Chloe Z would have accepted that the stipulated dismissals were ineffective without argument.

Moreover, regardless of whether the stipulated dismissals were effective, Appellants' failure to produce evidence and argument regarding their *in rem* claims during the 1996 trial on the first complaint acted as a voluntary dismissal of those claims, so it does not matter whether the *in rem* claims were still pending prior to trial. If the *in rem* claims were still pending when the other claims went to trial, Appellants had a duty to present evidence and argue those claims or face both waiver on appeal and claim

5

preclusion in subsequent lawsuits. These doctrines exist, at least in part, to promote timely presentation of evidence and protect against stale claims—the same policies served by statutes of limitation. Accordingly, failure to produce evidence and argument in support of a claim during trial should be treated the same as a voluntary dismissal for purposes of tolling.

6