DWIGHT F. RITTER, ESQ. (STATE BAR #127030)
RITTER & ASSOCIATES
2869 INDIA STREET
SAN DIEGO, CA 92103
(619) 296-0123

Attorney for Plaintiffs
ROBERT MATOS and SLOBODAN PRANJIC

FILED
DISTRICT COURT OF GUAM
OCT 17 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| TCW SPECIAL CREDITS, et al. | Case No. 96-00055 |
| Plaintiffs, | MOTION TO ESTABLISH PREJUDGMENT INTEREST AND POST-JUDGMENT INTEREST ON MATOS AND PRANJIC IN REM JUDGMENTS; AFFIDAVIT OF DWIGHT RITTER IN SUPPORT OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION |
| v. | |
| FISHING VESSEL CHLOE Z, Et al., | |
| Defendants. | |

Plaintiffs, ROBERT MATOS and SLOBODAN PRANJIC, by their counsel, Dwight Ritter, move to establish judgments which must now include both prejudgment interest and post-judgment interest accrued on these *in rem* judgments as a result of the 9th Circuit Court of Appeals recent ruling denying the appeals and affirming the judgments.

1. The 9th Circuit Court of Appeals denied the defendant F/V Chloe Z's appeal and affirmed MATOS and PRANJIC'S *in rem* judgments on June 5, 2006. The 9th Circuit has issued its mandate in September, 2006, and a copy was sent to the Guam

1

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Motion to Establish Prejudgment Interest and Post-Judgment Interest

Case 1:96-cv-00055    Document 1575    Filed 10/17/2006    Page 1 of 5

ORIGINAL

District Court. (Affidavit of Dwight Ritter and Exhibit 1)

2. Both the MATOS and PRANJIC matters have lengthy histories in the Guam District Court. MATOS was originally injured on August 8, 1992 while working as a fisherman on board the F/V Chloe Z. MATOS timely filed his Jones' Act and maritime action in January, 1993, including both *in personam* and *in rem* requests for damages. (Aff. D. Ritter; Ex.2) PRANJIC was injured on November 25, 1991 while working on board the F/V Chloe Z. PRANJIC timely filed his Jones Act and maritime action in June of 1992, including both *in personam* and *in rem* requests for damages. (Aff. D. Ritter; Ex.3) In July, 1996, both MATOS and PRANJIC received *in personam* verdicts in their favor, in the amount of $ 1,497,955 and $ 765,000 without interest, respectively. These verdicts were reduced to judgments for MATOS on August 13, 1996 and for PRANJIC on July 26, 1996. (Aff. D. Ritter; Ex.4 and Ex.5) Defendant F/V Chloe Z appealed each judgment and the 9th Circuit denied their appeals and affirmed the judgments in favor of MATOS and PRANJIC, on November 7, 1999, and on November 6, 1999, respectively.

3. In July, 1997, MATOS and PRANJIC received *in rem* verdicts in their favor in the amount of $ 621,515 for MATOS and $ 577,420 for PRANJIC. These findings were reduced to *in rem* judgments for MATOS on February 19, 1999 and for PRANJIC on January 11, 1999. (Aff. D. Ritter; Ex.6 and Ex.7) Defendant F/V Chloe Z again appealed the *in rem* judgments and the 9th Circuit issued an order on September 8, 2000 which remanded the *in rem*

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Motion to Establish Prejudgment Interest and Post-Judgment Interest
Case 1:96-cv-00055   Document 1575   Filed 10/17/2006   Page 2 of 5

judgments back to the Guam District Court for an evidentiary hearing related to F/V Chloe Z's assertion that the statue of limitations had expired.

On April 8, 2004, Judge Unpingco, on behalf of the District Court, ruled in favor of F/V Chloe Z and disallowed the *in rem* judgments rendered in favor of plaintiff MATOS and PRANJIC. MATOS and PRANJIC then appealed to the 9th Circuit Court of Appeals and, recently on June 5, 2006, the 9th Circuit rendered its decision upholding the *in rem* judgments and mandating that the judgments be satisfied and affirmed with interest in the Guam District Court. (Ex.1)

4.  MATOS and PRANJIC, as qualified seamen under general maritime law, are entitled to, two forms of interest. First, they are entitled to recover "prejudgment interest" rendered from the date of their initial injuries which occurred on August 8, 1992 for MATOS and November 25, 1991 for PRANJIC.

Under U.S. Supreme Court decisions and 9th Circuit opinions, federal maritime law mandates that qualified seamen are entitled to prejudgment interest in nearly all cases and with very few and rare exceptions. The leading Supreme Court decision in this regard is <u>City of Milwaukee</u> v. <u>National Gypsum Company</u>, 515 U.S. 189, 115 S.Ct. 209(1995), in which the Supreme Court reversed a lower court decisions denying prejudgment interest and held that prejudgment interest cannot be denied to a maritime claimant unless there is a very strong reason and exceptional circumstances for doing so. Fault of the plaintiff

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Motion to Establish Prejudgment Interest and Post-Judgment Interest

Case 1:96-cv-00055   Document 1575   Filed 10/17/2006   Page 3 of 5

is not sufficient for denial.

5. To prove the calculations regarding interest, MATOS and PRANJIC have retained Robert Wallace, CPA, to calculate the prejudgment interest for each judgment in this matter. Mr. Wallace was the duly qualified economist testifying on behalf of each plaintiff in both the *in personam* and *in rem* trials in the Guam District Court. The District Court has relied extensively on the Mr. Wallace's opinions to render its prior judgments. Mr. Wallace has calculated that MATOS is entitled to prejudgment interest in the amount of $ 235,045.00 and that PRANJIC is entitled to prejudgment interest in the amount of $ 238,129.00 up to and including October 1, 2006. (Aff. D. Ritter; Ex.8)

6. In addition, MATOS and PRANJIC are entitled to post-judgment interest pursuant to 28 U.S.C. § 1961. Again, Robert Wallace has calculated the amount of post-judgment interest from the date of the judgment up to and including October 1, 2006. MATOS is entitled to $ 361,191.00 in post-judgment interest on his *in rem* judgment and PRANJIC is entitled to $ 334,893.00 in post-judgment interest on his *in rem* judgment. (Aff. D. Ritter; Ex.8)

7. The Guam District Court has both the authority and responsibility to enter the amended amounts of the *in rem* judgments, including accrued interest, and issue amended judgments reflecting the full amount of the monies to which MATOS and PRANJIC are entitled with priority maritime liens and as wards of the court. The Guam District Court ordered the F/V

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Motion to Establish Prejudgment Interest and Post-Judgment Interest
Case 1:96-cv-00055    Document 1575    Filed 10/17/2006    Page 4 of 5

Chloe Z to be sold and the vessel was sold for approximately $ 6,000,000. Those funds should be available in the Registry of the Guam Court for the protection of priority maritime lien holders such as MATOS and PRANJIC.

Wherefore, plaintiff MATOS and PRANJIC seek to enter *in rem* judgments in the Guam District Court as follows:

1. Judgment in favor of ROBERT MATOS in the amount of $ 621,515 with accrued prejudgment interest up to and including October 1, 2006 in the amount of $ 235,045 and post-judgment interest accrued in the amount of $ 361,191 up to and including the date of October 1, 2006, for a total of $ 1,217,751.

2. Judgment in favor of SLOBODAN PRANJIC in the amount of $ 577,421 with accrued prejudgment interest up to and including October 1, 2006 in the amount of $ 238,129, and post judgment interest accrued in the amount of $ 334,893 up to and including the date of October 1, 2006, for a total of $ 1,150,443.

Plaintiffs further request all other just and proper relief based upon the ruling of the 9th Circuit Court of Appeals with regards to its recent decision.

Dated: 10/9, 2006

DWIGHT F. RITTER, Esq.
Attorney for Plaintiffs,
ROBERT MATOS and
SLOBODAN PRANJIC

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Motion to Establish Prejudgment Interest and Post-Judgment Interest
Case 1:96-cv-00055   Document 1575   Filed 10/17/2006   Page 5 of 5