DWIGHT F. RITTER, ESQ. (STATE BAR #127030)
RITTER & ASSOCIATES
2869 INDIA STREET
SAN DIEGO, CA 92103
(619) 296-0123

Attorney for Plaintiffs
ROBERT MATOS and SLOBODAN PRANJIC

FILED
DISTRICT COURT OF GUAM
OCT 17 2006
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| TCW SPECIAL CREDITS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>FISHING VESSEL CHLOE Z,<br>Et al.,<br><br>Defendants. | Case No. 96-00055<br><br>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF MATOS AND PRANJIC'S MOTION TO ESTABLISH PREJUDGMENT INTEREST AND POST JUDGMENT INTEREST ON MATOS AND PRANJIC IN REM JUDGMENTS |

Plaintiffs ROBERT MATOS and SLOBODAN PRANJIC are entitled to both prejudgment interest and post-judgment interest on their amended *in rem* judgments. MATOS' judgment was rendered on February 19, 1999 and PRANJIC's judgment was rendered on January 11, 1999. Prejudgment interest is normal and customary in all *in rem* judgments unless there is some peculiar or exceptional circumstance that justifies denial. Post-judgment interest on a federal judgment is dictated by 28 U.S.C. Section 1961 which is a Congressional mandated formula for determining post judgment interest. By case law and statute, MATOS and PRANJIC, as seamen

1

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Memorandum of Law in Support of Plaintiffs' Motions

Case 1:96-cv-00055    Document 1576    Filed 10/17/2006    Page 1 of 7

ORIGINAL

holding maritime judgments, are entitled to just compensation including both prejudgment and post-judgment interest to date.

I.

**Prejudgment interest cannot be denied unless there is a peculiar or exceptional reason for doing so.**

Since 1796 the U.S. Supreme Court has approved decisions, decrees, and judgments ordering prejudgment interest to those holding maritime liens. In Del Col v. Arnold, 3 U.S. (3 Dall.) 333, 1 L.Ed. 624. Since that time the U.S. Supreme Court has consistently ordered prejudgment interest from the date of injury up until the date of the decree or judgment. The Manatoba, 122 U.S. 97, 7 Sup. Ct. 1158, 30 L.Ed. 1095; The Anna Maria 15 U.S. (2 Wheat.) 327, 4 L.Ed. 252 (1817) More recently, in the City of Milwaukee v. National Gypsum Company, 515 U.S. 189, 115 Sup. Ct. 2091 (1995), the U.S. Supreme Court recognized the well established rule that prejudgment interest should be awarded in most *in rem* cases with only a limited exception for peculiar and exceptional circumstances. Justice Stevens, in The City of Milwaukee, *supra*, declares that the rational for awarding prejudgment interest is to ensure that an injured party is fully compensated for their loss. Justice Stevens notes that an award of prejudgment interest helps achieve the goal, in admiralty law, of restoring a party to the condition enjoyed before the injury occurred. The President Madison, 91 Fed. 2nd

2

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Memorandum of Law in Support of Plaintiffs' Motions

Case 1:96-cv-00055    Document 1576    Filed 10/17/2006    Page 2 of 7

835; Cal. App. 9th, 1937. While the Court refuses to specifically define what constitutes "peculiar and exceptional circumstances" the Court, nevertheless, acknowledges in the City of Milwaukee decision that neither fault of the plaintiff, nor a bad faith test, constitutes sufficient criteria for establishing exceptional circumstances. The Supreme Court further acknowledges that the purpose of prejudgment interest is simply to make the plaintiff whole, as much as possible, since the date of injury. City of Milwaukee, *supra*. Prejudgment interest is not punitive in nature, even if it amounts to $ 1,677,541.68, as was awarded in City of Milwaukee, and the interest award is simply compensatory damages to which a maritime lien holder is entitled unless some rare exception exists. City of Milwaukee, *supra*.

The Supreme Court, in City of Milwaukee, *supra*, further approves of the 9th Circuit decision in Alkmeon Naviera v. M/V Marina L, 633 Fed. 2nd 789 (9th Circuit 1980), in which Justice Kennedy, a current Supreme Court justice, stated in Alkmeon that denying a party prejudgment interest on the basis of fault "would seem to penalize the party twice for the same mistake". The U.S. Supreme Court recognizes that the denial of prejudgment interest works "a double penalty" that is neither commended by logic nor by fairness. City of Milwaukee, *supra*. Justice Kennedy makes it quite clear that 9th Circuit admiralty judgments require prejudgment interest unless there are peculiar and exceptional circumstances that compel the District Court to deny

3

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Memorandum of Law in Support of Plaintiffs' Motions
Case 1:96-cv-00055    Document 1576    Filed 10/17/2006    Page 3 of 7

prejudgment interest.

The 9th Circuit Court of Appeals has consistently reversed and remanded cases in which district courts have failed to award prejudgment interest without finding peculiar and exceptional circumstances. The 9th Circuit held in <u>Simeonoff</u> v. <u>Hiner,</u> 249 Fed. 3rd 883 (2001), that the District Court must articulate very sound and good reasons for denial of prejudgment interest to an injured seamen. While defendants argued that the injured seamen had waived his prejudgment interest, the 9th Circuit disregarded this excuse, as it has most others, as not constituting peculiar and exceptional circumstances as to avoid the entering of prejudgment interest. <u>Simeonoff</u>, *supra*. The 9th Circuit reiterated the rule in <u>Vance</u> v. <u>American Hawaii Cruises Inc.,</u> 789 Fed. 2nd 790 (1986), that the rational behind awarding prejudgment interest in admiralty cases is to compensate the wronged party for being deprived the monetary value of the loss from the time of the loss to the payment of judgment. <u>Turner</u> v. <u>Japan Lines, Limited,</u> 702 Fed. 2nd 752, 756 (9th Cir., 1983) The court further states that the 9th Circuit recognizes and approves the payment of prejudgment interest in admiralty, unless peculiar circumstances are clearly delineated by the district court and thus completely justify denial of prejudgment interest. <u>Vance</u>, *supra*; <u>Dillingham Shipyard</u> v. <u>Associated Insulation Company,</u> 649 Fed 2nd 1322 (9th Cir. 1981). The District Court cannot fail to articulate sound peculiar and exceptional circumstances for denying prejudgment interest, or

4

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Memorandum of Law in Support of Plaintiffs' Motions

Case 1:96-cv-00055   Document 1576   Filed 10/17/2006   Page 4 of 7

else, the district court commits a clear abuse of discretion. Edinburgh Assurance Company v. RL Burns Corporation, 669 Fed 2nd 1259 (9th Cir., 1982).

As to computation of the interest rate to which maritime lien holders are entitled, one of the leading cases is Western Pacific Fisheries, Inc. v. S.S. President Grant, 730 Fed. 2nd 1280 (9th Cir., 1984) in which the 9th Circuit recognized that prejudgment interest may be determined by the market value at the time of injury, but noted that the better method for determining prejudgment interest is to use the statutory rate set for post-judgment interest. This method is both logical and reasonable and renders a rate which is comparable to post-judgment interest, except it must be calculated under the variable interest rates of the U.S. Treasury bills during the prejudgment interest period. In the MATOS and PRANJIC cases, Robert Wallace, our economist, has utilized the post-judgment interest method in determining the prejudgment interest except that the rates are different because the prejudgment interest period is not exactly the same as the post-judgment interest period. Prejudgment interest which is set at a rate consistent with federal statutes, 28 U.S.C. 1961, and considerably lower than a market rate, could never be reasonably argued as punitive, which is the primary concern of the 9th Circuit. Dishman v. UNUM Life Insurance Co. of America, 269 Fed. 3rd 979 (9th Cir., 2001) In any regard, the prejudgment interest rates utilized by Robert Wallace were determined using the "coupon

5

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Memorandum of Law in Support of Plaintiffs' Motions
Case 1:96-cv-00055   Document 1576   Filed 10/17/2006   Page 5 of 7

issued yield equivalent of the average accepted auction price for the last auction of 52 week U.S. Treasury bills settled immediately prior to the date". Western Pacific Fisheries, Inc., *supra*. There should be no dispute that the interest rates utilized by Robert Wallace are reasonable and fair based on the dictates of the 9th Circuit in determining prejudgment interest.

## II.
**MATOS and PRANJIC are entitled to post judgment interest pursuant to 28 USC Section 1961.**

Post-judgment interest on federal judgments are determined by reference to a formula enacted by Congress at 28 U.S.C. Section 1961. MATOS and PRANJIC are entitled to post judgment interest from the date of the judgment until each judgment is specifically satisfied. Robert Wallace, our economist, has calculated the appropriate rate based on that formula and submitted his report that verifies the amount of post judgment interest to which both MATOS and PRANJIC are entitled. (Affidavit of Dwight Ritter; Ex.8)

In summary, plaintiff MATOS and PRANJIC are entitled to entry of a judgment reflecting both prejudgment and post-judgment interest up to and including October 1, 2006. A judgment should be entered as follows:

1. Judgment in favor ROBERT MATOS in the amount $ 621,515,00.00 with accrued prejudgment interest up to and

6

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Memorandum of Law in Support of Plaintiffs' Motions
Case 1:96-cv-00055    Document 1576    Filed 10/17/2006    Page 6 of 7

including October 1, 2006 in the amount of $ 235,045.00, and post-judgment interest accrued in the amount of $ 361,191.00 up to and including the date of October 1, 2006, for a total MATOS judgment of $ 1,217,751.00.

    2.    Judgment in favor of SLOBODAN PRANJIC in the amount of $ 577,421.00, with accrued prejudgment interest up to and including October 1, 2006 in the amount of $ 238,129.00, and post judgment interest accrued in the amount of $ 334,893.00 up to and including the date of October 1, 2006, for a total PRANJIC judgment of $ 1,150,443.00.

Dated: 10/9/06 , 2006

                                            DWIGHT F. RITTER, Esq.
                                            Attorney for Plaintiffs,
                                            ROBERT MATOS and
                                            SLOBODAN PRANJIC

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Memorandum of Law in Support of Plaintiffs' Motions
Case 1:96-cv-00055   Document 1576   Filed 10/17/2006   Page 7 of 7