DWIGHT F. RITTER, ESQ. (STATE BAR #127030)
RITTER & ASSOCIATES
2869 INDIA STREET
SAN DIEGO, CA 92103
(619) 296-0123

Attorney for Plaintiffs
ROBERT MATOS and SLOBODAN PRANJIC

FILED
DISTRICT COURT OF GUAM
OCT 23 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| TCW SPECIAL CREDITS, et al. <br><br> Plaintiffs, <br><br> v. <br><br> FISHING VESSEL CHLOE Z, Et al., <br><br> Defendants. | Case No. 96-00055 <br><br> **PLAINTIFFS ROBERT MATOS AND SLOBODAN PRANJIC'S STATUS REPORT SUBMITTED TO JUDGE JOHN COUGHENOUR** |

Plaintiffs ROBERT MATOS and SLOBODAN PRANJIC's, by their counsel, Dwight Ritter, respond to District Court Judge John Coughenour's order to provide a status report by October 20, 2006 as follows:

1. On June 5, 2006, the 9th Circuit Court of Appeals denied defendant F/V Chloe Z's appeal and affirmed MATOS and PRANJIC's *in rem* judgments. Since that date, the 9th Circuit issued its mandate to the Guam District Court.

2. On October 17, 2006, MATOS and PRANJIC filed their motion to establish prejudgment and post-judgment interest on

1

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Status Report

Case 1:96-cv-00055    Document 1580    Filed 10/23/2006    Page 1 of 5

their *in rem* judgments. This request is pending in the Guam District Court.

MATOS and PRANJIC, together, have tried their claims on no less than five separate occasions. Defendant F/V Chloe Z has appealed these rulings to the 9th Circuit Court of Appeals in two separate appeals and two joint appeals for a total of four different appeals to the 9th Circuit. MATOS and PRANJIC now seek to collect their *in rem* judgments in their favor including both prejudgment and post-judgment interests.

Once amended judgments are entered, MATOS and PRANJIC will seek withdrawal of the funds from the Registry of the Guam District Court to satisfy both *in rem* judgments. The F/V Chloe Z vessel was sold by order of the court in 1996 and the sum of approximately $ 6,000,000 was deposited in the Registry of the Court to satisfy priority maritime judgments and liens like those held by MATOS and PRANJIC.

3. Recently, MATOS and PRANJIC sought a full and complete written accounting from the Bank of Guam to verify that approximately $ 6,000,000 was deposited with the Registry of the Court and to determine each and every deposit and withdrawal that has occurred since the sale of the vessel. In addition, MATOS and PRANJIC seek to determine the full amount of the interest which has accumulated on the funds to date.

Unfortunately, MATOS and PRANJIC's attempts to obtain an accounting, have been to no avail. Despite repeated requests, both oral and written, the Bank of Guam has not provided a

2

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Status Report

Case 1:96-cv-00055     Document 1580     Filed 10/23/2006     Page 2 of 5

written accounting of the debits and credits which were to be in held in the Registry of the Court in the Bank of Guam.

    4. There is some indication that there may not be sufficient funds in the Registry of the Court to satisfy the full amount of the MATOS and PRANJIC judgments with interest. In May of 2005, TCW, a subordinate creditor, sought to withdrawal the remaining funds from the Registry of the Court based upon Judge Unpingco's April of 2004 dismissal of the MATOS and PRANJIC *in rem* judgments. MATOS and PRANJIC do not know if the accounting figures noted in TCW's declarations are accurate or not. MATOS and PRANJIC are unable to receive a full accounting of the debits and credits in the Registry of the Court and therefore and are relying upon the statements of TCW's counsel, Craig Miller. However, without a formal accounting it remains unknown as to whether Mr. Miller's statements, in an attempt to withdrawal approximately $ 1,695,767 in May of 2004, are accurate or inaccurate. Nevertheless, based on Miller's statements, there could be as much as $ 8,000,000 missing from the Registry of the Court which would include both the principal and interest accumulated since sale of the vessel in 1996.

    5. In addition, MATOS and PRANJIC have recently been made aware that certain funds were withdrawn from the Registry of the Court to pay a priority maritime lien of Vjeko Mazic. The Mazic claims and judgments were paid out of the Registry of the Court in the approximate amount of $ 750,000. While it is acknowledged that Majic had a priority maritime lien, his claims were covered

3

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Status Report
Case 1:96-cv-00055   Document 1580   Filed 10/23/2006   Page 3 of 5

by a $25,000,000 Protection and Indemnity policy that exists with F/V Chloe Z and F/V Chloe Fishing Corporation, Inc. as the insureds. MATOS and PRANJIC have been recently apprised that the London insurance carrier, Sphere Drake, did agree to fulfill their obligation under the $25,000,000 Protection and Indemnity policy and indemnify the Registry of the Court for the funds withdrawn to pay the Majic claims. If these payments occurred, Sphere Drake was clearly obligated to indemnify the Registry of the Court in order to maintain the principal and interest for priority distribution to <u>all</u> claimants in the TCW action including MATOS, PRANJIC, and TCW. Under any indemnification agreement, the Registry of the Court paid the Majic claims and thus the Registry should be indemnified. However, without a full written accounting, MATOS and PRANJIC do not know if the Sphere Drake indemnity payments were tendered to the Registry of the Court or not.

6. Further, MATOS and PRANJIC hold *in personam* judgments that were initially obtained in July of 1996. Since that date, the judgments have been affirmed on appeal by the 9th Circuit Court of Appeals and remained unsatisfied. Both judgments initially totaled approximately $2,375,000 and, with legal interest, they are currently valued at approximately $4,500,000. These *in personam* judgments have existed as claims in the TCW action since shortly after the *in personam* judgments were obtained in 1996. MATOS and PRANJIC are requesting that all funds be held at the Registry of the Court until the priority

4

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Status Report
Case 1:96-cv-00055   Document 1580   Filed 10/23/2006   Page 4 of 5

status of all claims and all creditors are fully determined.

    7. In summary, MATOS and PRANJIC continue to assert their *in rem* and *in personam* judgments as validly obtained judgments which have priority status and should be satisfied from the $ 6,000,000 proceeds derived from the F/V Chloe sale in 1996.

    Wherefore, MATOS and PRANJIC, by their counsel, Dwight Ritter, submit their status report and request appropriate court intervention to schedule proceedings and enforcement of the MATOS and PRAJNIC *in rem* and *in personam* judgments.

Dated:   Oct 23  , 2006      *[signature: George M Butler for Dwight Ritter]*
DWIGHT F. RITTER, Esq.
Attorney for Plaintiffs,
ROBERT MATOS and
SLOBODAN PRANJIC

5

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Status Report

Case 1:96-cv-00055   Document 1580   Filed 10/23/2006   Page 5 of 5