DWIGHT F. RITTER, ESQ.  (STATE BAR #127030)
RITTER & ASSOCIATES
2869 INDIA STREET
SAN DIEGO, CA  92103
(619) 296-0123

Attorney for Plaintiffs
ROBERT MATOS and SLOBODAN PRANJIC

**FILED**

DISTRICT COURT OF GUAM

NOV 1 3 2006

MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

### FOR THE TERRITORY OF GUAM

| | |
|---|---|
| TCW SPECIAL CREDITS, et al. | Case No. 96-00055 |
| Plaintiffs, | **PLAINTIFFS MATOS AND PRANJIC'S REPLY TO F/V CHLOE Z OPPOSITION TO PREJUDGMENT AND POST-JUDGMENT INTEREST** |
| v. | |
| FISHING VESSEL CHLOE Z, et al., | |
| Defendants. | |

MATOS and PRANJIC, by their counsel, Dwight Ritter, reply to F/V Chloe Z's opposition to the motion to establish prejudgment and post-judgment interest, and respond to each point suggested by F/V Chloe Z, as follows:

I. **PRANJIC is entitled to prejudgment interest in that Guam District Court has discretion, authority, and duty to determine all interest that is applicable to a judgment reinstated after appeal.**

It is the duty of the District Court, at this time, to determine all interest that is applicable to MATOS and PRANJIC's

1

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Reply Regarding Interest
Case 1:96-cv-00055   Document 1589   Filed 11/13/2006   Page 1 of 22   ORIGINAL

amended final judgments. Federal Rules of Civil Procedure 54.
In 1999, Judge Unpingco did not determine the rate of interest,
the period of interest, the compounded nature of the interest,
or the amount of interest. Awarding interest is a collateral
matter to be decided after the judgment truly becomes final.
Turner v. Japan Lines, Ltd., 768 Fed.2nd 10666 (9th Cir. 1983);
FRCP 54   Any decision made by Judge Unpingco on interest issues
in 1999, was interlocutory in nature only.   There was no finding
by the district court determining amounts of interest that were
applicable to each judgment and thus no finality.

Any failure to appeal Judge Unpingco's denial of interest,
which was interlocutory in nature, is not controlling as to a
determination of prejudgment and post-judgment interest on the
final judgments.   For example, the failure to appeal an
erroneous post-judgment interest award is not final. The 9th
Circuit is quite clear in Tinsley v. Sea Lab Corp., 979 Fed.2nd
1382 (9th Cir.,1992), that plaintiff is still entitled to post-
judgment interest from the date of the original judgment even if
the issue of interest was not resolved on the previous appeal.
This is because prejudgment and post-judgment interest are
nearly automatic after appeal and consideration of prejudgment
interest still remains within the discretion of the district
court.

**II.   F/V Chloe Z is attempting to penalize PRAJNIC for an**
**appeal that was not required.**

In support of PRANJIC's prejudgment interest, it should be

2

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Reply Regarding Interest
Case 1:96-cv-00055   Document 1589   Filed 11/13/2006   Page 2 of 22

apparent that defendant F/V Chloe Z will suffer no appellate prejudice by a final judgment including PRANJIC's prejudgment interest. That is because once a final judgment is entered on PRANJIC's behalf, not an unliquidated interlocutory decision, F/V Chloe Z will then have full opportunity to seek redress of the final judgment and the amounts of interest in the 9th Circuit. Once prejudgment interest is established, including rates of interest, period of recovery, and amounts, then F/V Chloe Z will be entitled to appeal that liquidated amount and its factors so that the Court of Appeals can fairly review the issues of prejudgment and post-judgment interest. To deny PRANJIC approximately $ 300,000 in prejudgment interest based on a failure to <u>consider</u> prejudgment interest, is wholly inconsistent with the Guam District Court's responsibility and discretion to finalize the amended judgment concerning issues of prejudgment and post-judgment interest.

F/V Chloe Z is attempting to penalize PRAJNIC for an appeal that was not required. F/V Chloe Z argues that because MATOS was successful on appeal regarding prejudgment interest that PRANJIC must be denied prejudgment interest. The final judgment as to prejudgment interest in both MATOS and PRANJIC cases has not been decided and a non-existent award of prejudgment interest is certainly not the "law of the case". F/V Chloe Z is not even arguing that the 9th Circuit decision requires MATOS to receive prejudgment interest or that the "law of the case" requires MATOS to receive prejudgment interest. Likewise, in the PRANJIC

3

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Reply Regarding Interest
Case 1:96-cv-00055    Document 1589    Filed 11/13/2006    Page 3 of 22

case, the absence of an appellate instruction regarding prejudgment interest does not preclude the consideration of prejudgment interest for PRANJIC. If the district court reviews the issue of prejudgment interest, it can deny PRANJIC prejudgment interest, but the district court cannot fail to consider prejudgment interest as that issue remains unresolved and undetermined until a finding of "exceptional" circumstances is rendered that then denies prejudgment interest.

The 9th Circuit MATOS decision on prejudgment interest was merely instructional. The appellate decision did not determine prejudgment interest; the remand decision only noted that prejudgment interest must be considered. The district court could still deny prejudgment interest to MATOS and PRANJIC, we believe wrongly, and then MATOS and PRANJIC would have a final judgment, from which they could appeal. The 9th Circuit MATOS decision does not control the determination of prejudgment interest, in either MATOS or PRANJIC, that final determination remains in the district court and F/V Chloe Z has suffered no prejudice and can appeal an adverse ruling in either case.

### III. The "law of the case" doctrine does not apply to PRANJIC's prejudgment interest.

F/V Chloe Z contends that the district court cannot review the issue of prejudgment interest because of the "law of the case" doctrine. However, the "law of the case" doctrine is discretionary only and is not mandatory and is not a limit on the court's power to act equitably. U.S. v Hauser, 804 Fed.2[nd]

4

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Reply Regarding Interest
Case 1:96-cv-00055   Document 1589   Filed 11/13/2006   Page 4 of 22

567 (9th Cir., 1986); <u>Jeffries</u> v. <u>Wood</u>, 114 Fed.3[rd] 1984 (9th Cir., 1997); <u>Old Person</u> v. <u>Brown</u>, 312 Fed.3[rd] 1036 (9th Cir., 2002) First, the "law of the case" doctrine is not a limitation on the court's inherent power but, rather, a guide to discretion. <u>U.S.</u> v. <u>Alexander</u>, 106 Fed.3[rd] 874 (9th Cir., 1997) Second, the "law of the case" doctrine only applies to appellate issues that were actually decided on their merits. <u>Palacio</u> v. <u>Progressive Insurance Company</u>, 244 Fed. Supp.2[nd] 1040; <u>Lucas Automotive Engineering, Inc.</u> v. <u>Bridgestone/Firestone, Inc.</u>, 275 Fed.3[rd] 762 (9th Cir., 2001); <u>In re Castro</u>, 919 Fed.2[nd], 107(9th Cir., 1990) In order for the doctrine to apply, there must be a pronunciation of a rule of law that is controlling on the issue. In <u>Hydrick</u> v. <u>Hunter</u>, (2006 WL 2773196) (September 28, 2006), a case cited by Chloe Z, the appellate court holds that the doctrine only applies if the appellate court considered and decided the issue in question. (pg.4) In the PRANJIC remand order, there is no pronunciation of a rule of law for or against prejudgment interest. The issue was simply not addressed on the merits in the Court of Appeals. Third, parties do not lose their rights to appeal an interlocutory order by not appealing and waiting for the final judgment. The order merges with the final judgment and can now be appealed. <u>Hook</u> v. <u>Arizona Department of Corrections</u>, 107 Fed. 3rd 1397 (9th Cir., 1997) The ability to review, revise, and ultimately finalize a preliminary ruling makes that ruling interlocutory in nature and not final. <u>City of Los Angeles, Harbor Division</u> v. <u>Santa Monica Gatekeeper</u>,

5

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Reply Regarding Interest
Case 1:96-cv-00055    Document 1589    Filed 11/13/2006    Page 5 of 22

254 Fed.3rd 882 (9th Cir., 2001) Fifth, and most importantly, the "law of the case" doctrine is a discretionary doctrine that is not applicable if "exceptional" circumstances exist to disregard the doctrine. The 9th Circuit has defined "exceptional" as either a contrary decision applicable to the issue <u>or</u> when a prior decision is clearly wrong and would work a substantial injustice. <u>Litton Sytems, Inc.</u> v. <u>Honeywell Inc.</u>, 238 Fed.3rd 1376. reh.den.; cert. dism., 122 Sup. Ct. 914

With regards to PRANJIC's case, there is clearly a contrary decision applicable to the issue that warrants disregarding the "law of the case" doctrine. The MATOS remand decision, and numerous other 9th Circuit decisions, make it abundantly clear that a district court must consider prejudgment interest and award it unless an "exceptional" circumstance exists for denial. The MATOS remand decision is instructional as to what action the Guam District Court should take. Further, if the Guam District court fails to consider prejudgment interest on the PRANJIC matter it would be "clearly wrong" in light of the MATOS remand decision on the merits and the applicable 9th Circuit decisions. Further, the failure to consider prejudgment interest would surely work a substantial injustice by denying PRANJIC about $ 300,000 in prejudgment interest.

The district court may reconsider a previous decision when controlling authority recognizes a substantial error or the "previous disposition was clearly erroneous and would work a manifest injustice". <u>Merritt</u> v. <u>Mackey</u>, 932 Fed.2nd 1317 (9th

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Reply Regarding Interest
Case 1:96-cv-00055    Document 1589    Filed 11/13/2006    Page 6 of 22

Circuit, 1991); U.S. Ex Rel Lujan v. Hughes Aircraft Co., 243 Fed.3rd 1181 (9th Cir., 2001) In an analogous case, the 9th Circuit held that the "law of the case" doctrine does not apply when the prior appellate decision does not render a specific rule of law, such as in a mandamus action, because the appellate court has not rendered a statement of the law on the merits. Power Agent, Inc. v. Electronic Data Systems Corp., 358 Fed.3rd 1187 (9th Circuit 2004) Clearly, in the initial PRANJIC appeal there was no decision on the merits as it related to prejudgment interest. The 9th Circuit has made it abundantly clear in multiple cases that the "law of the case" doctrine is simply discretionary and not mandatory.

> "Under 9th Circuit precedent, the trial court has discretion to part from the law of the case established by prior rulings if the first decision was clearly erroneous or manifest injustice would otherwise result. U.S. v. Cuddy, 147 Fed. 3rd 111 (9th Cir 1998) Thus, for reasons outlined above, we encourage the parties on this case and the judge who replaced Judge Letts to revisit this issue." Cunningham v. Gates, 229 Fed. 3rd 1271 (9th 2000)

In the PRANJIC matter, Judge Unpingco's failure to consider prejudgment interest was erroneous and unquestionably will result in manifest injustice. New Breed Leasing Corp. v. NLRB, 111 Fed.3rd 1460 (9th Cir., 1997) PRANJIC is requesting that the Guam District Court follow the 9th Circuit dictates and find that the "law of the case" doctrine does not apply under these circumstances.

The Guam district court currently retains the responsibility to determine prejudgment and post-judgment interest on both MATOS and PRANJIC'S cases. To do otherwise, the

7

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Reply Regarding Interest
Case 1:96-cv-00055   Document 1589   Filed 11/13/2006   Page 7 of 22

Guam District Court will simply compound a preliminary
interlocutory error by making that obvious error, failure to
consider prejudgment interest, as a final appealable error.

**IV. MATOS and PRANJIC are entitled to prejudgment interest
from their dates of injury, August 8, 1992 and November 25,
1991, respectively, to the initial judgment dates of
February 19, 1999 and January 11, 1999, respectively.**

The 9th Circuit rule in regards to prejudgment interest is
quite clear. Prejudgment interest runs from the date of injury
to the first pre-appeal judgment. <u>City of Milwaukee</u> v. <u>National
Gypsum Company</u>, 515 U.S. 189, 115 Sup. Ct. 2091 (1995); <u>Vance</u> v.
<u>American Hawaii Cruises Inc.</u>, 789 Fed.2nd 790 (1986); <u>Alkmeon
Naviera</u> v. <u>M/V Marina L</u>, 633 Fed.2nd 789 (9th Cir., 1980);
<u>Western Pacific Fisheries, Inc.</u> v. <u>S.S. President Grant</u>, 730
Fed.2nd 1280 (9th Cir., 1984); <u>Barnett</u> v. <u>Sea Land Services,
Inc.</u>,875 Fed.2nd 741 (9th Cir., 1989); <u>Saavedra</u> v. <u>Korean Air
Lines Co. Ltd.</u>, 93 Fed.3rd 547, (9th Cir., 1996) 1196 A.M.C.
2113.   To do otherwise, the district court would severely
curtail a recovery to MATOS and PRANJIC.  Based on their *in rem*
claims, they are both entitled to "loss of use" for damages
which occurred from date of injury to the date of the pre-appeal
judgment in 1999.  <u>Air Separation, Inc.</u> v. <u>Underwriters at
Lloyd's of London</u>, 45 Fed.3rd 288 (9th Cir., 1995) Were the
district court to rule in F/V Chloe Z's favor, the district
court would avoid a substantial amount of compounded interest to
which MATOS and PRANJIC are entitled on their prejudgment

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Reply Regarding Interest
Case 1:96-cv-00055   Document 1589   Filed 11/13/2006   Page 8 of 22

awards. More importantly, the district court would penalize MATOS and PRANJIC by reducing their awards due to the error committed by Judge Unpingco in his prior ruling. Judge Unpingco's decision in April 2004 was an error. MATOS and PRANJIC should not suffer a loss of interest due to the court's mistake. The 9th Circuit has recognized the inequity of a post-appeal judgment date (September 11, 2006) and have consistently held that the first pre-appeal judgment date (1999) is the proper one. Air Separation, *supra*.

Seamen, like MATOS and PRANJIC, are entitled to post-judgment interest which is compounded on prejudgment interest. In other words, post-judgment interest on top of prejudgment interest from the date of the pre-appeal judgment. Air Separation, *supra*. The rules exist so that seamen recover post-judgment interest on their entire judgment, and the compounded interest does not constitute "double recovery". Turner v. Japan Lines, Ltd., 702 Fed.2[nd] 752 (9th Cir., 1983) Otherwise, the appeal will prevent seamen from recovery for the full value of their damages. Compounding post-judgment interest on prejudgment interest is an attempt to provide a more complete recovery to injured seamen.

V. **MATOS and PRANJIC have valid judgments that are enforceable under Guam Statutes.**

F/V Chloe Z argues that MATOS and PRANJIC should be penalized for delays in F/V Chloe Z's paying their valid judgments. F/V Chloe Z argues Chloe Z should profit by

9

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Reply Regarding Interest

Case 1:96-cv-00055    Document 1589    Filed 11/13/2006    Page 9 of 22

disallowing and voiding these judgments because Guam statues place discretionary parameters on judgments. First, Guam statues do not extinguish or void a judgment after a period of time. The statute merely recognizes that creditors should seek equitable relief if the judgment has not been satisfied within 6 years. 7 GCA §23106. This statutory provision is quite different from other states' provisions that extinguish or void the judgment, neither of which is done in the Guam statutes. Second, how grossly unfair it is to not allow full and complete recovery to these diligent seamen based on various procedural delays, that were initiated by F/V Chloe Z, proven to be incorrect in all five appeals to the 9th Circuit. Third, the district court must exercise its equitable discretion to validate the MATOS and PRANJIC judgments as is allowed under the Guam Statutes. MATOS and PRANJIC are requesting, and have requested, that the court exercise its equitable powers in enforcing the judgments and recognizing their validity.

**VI. MATOS and PRANJIC have committed no undue delay to warrant a finding of "exceptional circumstances" which denies prejudgment interest.**

F/V Chloe Z claims that the initial filings constitute "exceptional circumstances" that require denial of prejudgment interest. These initial filings only occurred because F/V Chloe Z's representatives informally objected to the California and Hawaii jurisdictions, even though it was later determined that jurisdiction existed as to the F/V Chloe Z Fishing Inc. in each

10

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Reply Regarding Interest

Case 1:96-cv-00055    Document 1589    Filed 11/13/2006    Page 10 of 22

of those jurisdictions. In other words, F/V Chloe Z objected to jurisdictions in California and Hawaii not on the facts of insufficient jurisdiction but because they simply preferred jurisdiction in Guam. Both Hawaii and California were acceptable jurisdictions, but for the objections of F/V Chloe Z Fishing Inc., that they preferred the complaints to be filed in Guam. *In rem* jurisdiction could be found in any location in which the Chloe Z ported, including Hawaii and California. There was no necessity that these actions, both *in personam* and *in rem*, be filed only in Guam. It was simply Chloe Z Fishing Inc.'s personal choice that these actions should be filed in Guam and MATOS and PRANJIC complied with those requests. Chloe Z Fishing Inc. and plaintiffs agreed to dismiss and re-file these cases in Guam and the 9th Circuit affirmed that conduct in the remand decision. Whatever minimal delays occurred in the initial filings were caused by F/V Chloe Z's objections to jurisdiction and their personal preference for Guam. These minimal delays over the course of fourteen years of litigation do not constitute "exceptional circumstances" that warrant denial of prejudgment interest.

F/V Chloe Z suggests Judge Unpingco's finding on equitable estoppel is the law. Judge Unpingco's findings in April of 2004 have been reversed and are no longer controlling. Further, any delay in arrest of the vessel was caused by F/V Chloe Z's representations there exists a $ 25,000,000 insurance policy to recover "*in personam*" claims. We eventually heard that those

11

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Reply Regarding Interest
Case 1:96-cv-00055   Document 1589   Filed 11/13/2006   Page 11 of 22

pleading representations were incorrect.

To attribute undue delays to MATOS and PRANJIC after they have tried these cases on five separate occasions in Guam and successfully responded to five separate appeals is to suggest the absurd. The delays of 14 years of litigation were certainly not of MATOS and PRANJIC's making. Neither MATOS nor PRANJIC have profited one cent from procedural delays occurring over 14 years of litigation.

**VII. The 9th Circuit Court of Appeals has repeatedly approved using an average of interest rates to determine the appropriate rate for prejudgment interest.**

Prejudgment interest is awarded to compensate plaintiff for the loss of use of its monetary damages from the <u>date of injury</u> to the first judgment. <u>Air Separation</u>, *supra*. The court could choose the interest rate on the <u>date of injury</u> but that rate would be a rate determined before all losses were suffered. The court could also choose an interest rate at the <u>time of judgment</u>, but that rate would not take into consideration the varying rates that have occurred over the period from date of injury to the entry of judgment. The best and most fair method is to average the appealable 28 U.S.C. Section 1961 annual rates and use the average rate to determine prejudgment interest. The average rate for prejudgment interest of these annual rates, from the date of injury to the entry of the initial judgment, was the method utilized by our economist, Robert Wallace.

In <u>Nelson</u> v. <u>Energy Measurements Group, Inc.</u>, 37 Fed.3[rd]

12

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Reply Regarding Interest
Case 1:96-cv-00055   Document 1589   Filed 11/13/2006   Page 12 of 22

1384 (9th Circuit, 1994), the 9th Circuit held that, in awarding prejudgment interest, the rate at the time of judgment has no bearing on what interest could have been earned prior to judgment. The court approved a method of determining interest rates based on reinvesting proceeds annually at a new rate. The method of averaging the interest rates over the applicable period will result in a very close and nearly identical result. Taking an average of the 52 week treasury bill rates over the applicable period is certainly well within the discretion of the court and reasonable under the circumstances.

F/V Chloe Z suggests that the interest rate be determined by the rate being paid on funds held in the Registry of the Court. This is very troubling and unfair for several reasons. First, based on TCW's most recent status report to the court, it appears that no interest has been paid on funds in the Registry of the Court since March of 2004. It appears that there are less funds in the Registry of the Court as of October 2006 than were in the Registry of the Court in March of 2004. Thus, there remain serious concerns as to the rate of interest being paid or whether any interest is being paid at all.

Second, MATOS and PRANJIC are entitled to market value interest as the fair prejudgment rate. If the district court is to disregard the guidelines in Western Pacific, *supra*, case, as suggested by F/V Chloe Z, then the district court has the discretion to award interest rates as high as 6% and 8% for prejudgment interest. Saures v. Alaska Barge, 600 Fed.2[nd] 238

13

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Reply Regarding Interest
Case 1:96-cv-00055    Document 1589    Filed 11/13/2006    Page 13 of 22

(9th Circuit, 1979), (8% compounded annually from date of complaint); <u>Harrison</u> v. <u>Flota Mercante Grancolompiana, S.A.</u>, 577 Fed.2[nd] 968 (5th Circuit), (court approved 6% prejudgment rate from date of injury) The district court could also use the legal rate for Guam which is 6%. Title 18 GCA §47106.

> **VIII. In the 9th Circuit, MATOS and PRANJIC are entitled to prejudgment interest on their present day damages determined before the initial entry of judgment.**

F/V Chloe Z, in their opposition, has accurately reported the rule of law regarding prejudgment interest, future economic loss, and future pain and suffering as that rule exists in the 5th Circuit. We do not contend that this is not the rule of law in the 5th Circuit and, even in some other circuits. However, this is not the law as to prejudgment interest in the 9th Circuit. "In the 9th Circuit, the district court must consider prejudgment interest in a maritime action and determine the damages that are subject to prejudgment interest and the applicable interest rate." <u>Vance,</u> *supra.* "The district court is not required nor encouraged to investigate a judgment to determine the nature of the award or its component parts." <u>Barnett,</u> *supra.* In <u>Barnett</u>, the district court awarded various damages such as special damages and general damages for earnings, medical expenses, and consortium. However, the district court did not divide these categories into past, present, or future damages. The 9th circuit in <u>Barnett</u>, *supra,* held that the seaman was entitled to prejudgment interest as

14

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Reply Regarding Interest
Case 1:96-cv-00055    Document 1589    Filed 11/13/2006    Page 14 of 22

follows:

> "We do not believe that it was an abuse of discretion for
> the district court to order that all prejudgment interest
> calculations were to commence at the time of injury. The
> district court is not obliged to tie every aspect of
> recovery to a different date when determining the date or
> dates from which interest will accrue."

The <u>Barnett</u> decision awarded prejudgment interest on the entire award without dividing the award as to future damages. Pg. 747. In a maritime case, plaintiffs are entitled to prejudgment interest on all damages that can be accurately ascertained and determined before judgment including present day damages.

In <u>Columbia Brick Works</u> v. <u>Royal</u>, 768 Fed.2nd 1066 (9th Cir., 1985), the 9th Circuit held that plaintiffs were entitled to prejudgment interest on the entire damage award even though the award was based on evidence of future repair, future replacement costs, and future expectations of lost profits. In support, the 9th Circuit stated:

> "We must presume, therefore, that to the extent that the
> amount of the verdict depended on evidence of expected cost
> and lost profits, the jury discounted such costs and lost
> profits to their present value at the date of delivery.
> Prejudgment interest must then be added to the judgment in
> order to reflect the value of Columbia's loss at the date
> of judgment". Pg. 170.

The 9th Circuit emphasizes that the district court is not compelled to divide the award into various component parts for purpose of assessing prejudgment interest. Plaintiffs are entitled to all damages which are reduced to "present day value" and determined prior to judgment.

Likewise, in <u>Evich</u> v. <u>Morris</u>, 819 Fed.2nd 256 (9th Cir.,

15

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Reply Regarding Interest

Case 1:96-cv-00055    Document 1589    Filed 11/13/2006    Page 15 of 22

1987), the 9th Circuit affirmed an award of future economic losses in a maritime survivor action, citing Moragne v. State Marine's Line, 398 US 375, 98 Sup. Ct.1772, 26 L.Ed. 2nd 339(1970). The circuit court then further held that prejudgment interest must be awarded unless peculiar circumstances justify denial. Clearly, the 9th Circuit encourages the award of prejudgment interest in cases involving future economic losses so long as those losses are reduced to "present day value".

In a very similar case, the District Court of Hawaii, in Ward v. American Hawaii Cruises, 719 Fed. Supp. 195 (Hawaii, 1988), extensively outlined the status of prejudgment interest in multiple jurisdictions. However, in Ward, the district court did not make an award for future economic loss of earnings. Thus, the district court did not address future earnings that are reduced to "present day value". The Hawaii District Court did deny prejudgment interest on future pain and suffering damages on the basis that they had not been reduced to "present day value". Further, the district court did not award prejudgment interest from the date of injury. Instead, the court named the date of the complaint for the commencement of prejudgment interest. The date of injury is certainly the most approved date within the 9th Circuit as recognized in Western Pacific, supra, Turner v. Japan Lines, Ltd., supra, Vance, supra, Air Separation, supra, and U.S. Supreme Court case of City of Milwaukee, supra.

In both MATOS and PRANJIC trials, all economic damages were

16

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Reply Regarding Interest
Case 1:96-cv-00055    Document 1589    Filed 11/13/2006    Page 16 of 22

presented in "present day value" form at the time of trial.
Robert Wallace, our economist, only presents economic damages
that are previously reduced to "present day value" in order to
avoid the complicated process of reducing those damages to their
"present day value" during or after trial. Thus, the economic
damages in both MATOS and PRANJIC trials were provided in
"present day value" form, even if those damages were future
economic losses.

"Present day value" earnings, by their definition, are
damages which were due and owing at the time of the court's
order and before judgment. Thus, they are subject to additional
assessment for prejudgment interest. Further, if the economic
damages were not reduced to "present day value", they would be
substantially larger. If MATOS and PRANJIC presented economic
damages not reduced to "present day value", those future sums
might have more adequately compensated the plaintiffs even
though prejudgment interest might not be awarded. In that
scenario, plaintiffs would have received a larger sum for future
earnings and been entitled to post-judgment interest on those
larger awards.

In Judge Unpingco's order, it is apparent that all damages
were reduced to "present day value" except for the $ 50,000
award for future pain and suffering. Judge Unpingco stated that
this $ 50,000 was not reduced to "present day value" which leads
to the obvious conclusion that the other components of the
damages, such as future medical expenses, future care, future

17

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Reply Regarding Interest
Case 1:96-cv-00055    Document 1589    Filed 11/13/2006    Page 17 of 22

surgery, and future lost earnings were so reduced and relied upon as "present day value" amounts due at the time of the order and before judgment. Judge Unpingco, in MATOS's order, notes that future earnings are reduced to "present day value". The failure to provide prejudgment interest on MATOS earnings award will amount to a loss in excess of $ 400,000 and thereby work a substantial injustice. To render that result, would demonstrate a lack of fairness for an injured seaman who has waited so tirelessly for his just compensation and would constitute an abuse of discretion.

With regards to the PRANJIC judgment, Judge Unpingco's order has not been divided into components damages such as past lost earnings or future lost earnings. The current district court has no ability to read into the mind of the trier of fact, nor should it, after more than 8 years. This is a common occurrence in many jury verdicts and typically when the district court cannot determine the character of the award, it simply awards prejudgment interest on the entire amount. Otherwise, the district court acts as the new trier of fact and passes judgment on evidence and decision making that occurred over 8 years ago. Thus, PRANJIC is entitled to the full amount of his earnings of $ 433,469 and prejudgment interest on that amount.

IX. **PRANJIC agrees that his initial pre-appeal judgment should be reduced by $ 43,951.92.**

Prior to the PRANJIC remand decision from the 9th Circuit, PRANJIC agreed that the initial pre-appeal judgment should be

18

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Reply Regarding Interest
Case 1:96-cv-00055    Document 1589    Filed 11/13/2006    Page 18 of 22

reduced by $ 43,951.92.  In this regard, the calculations by our economist, Robert Wallace, are not correct and will be corrected in the future. Accordingly, the prejudgment and post-judgment interest on this amount (ie. $ 43,951.92) will be eliminated. This correction to the initial pre-appeal judgment was inadvertently overlooked in calculating the amended judgment.

**X. MATOS and PRANJIC agree they are entitled to post judgment interest.**

MATOS and PRANJIC are entitled to post judgment interest from the dates of their initial pre-appeal judgments, February 19, 1999 and January 11, 1999, respectively.  _Turner_ v. _Japan Lines, Ltd._, _supra_.  F/V Chloe Z requests that post-judgment interest run from the date the mandate was received, September 11, 2006.  Under prevailing 9th Circuit cases, the district court has no discretion to utilize this September 11, 2006 date. Otherwise, the district court would penalize MATOS and PRANJIC for an unnecessary appeals in which MATOS and PRANJIC are the prevailing parties. Post judgment interest is determined by reference to 28 U.S.C. Section 1961.

Dated:  _November 13_, 2006                     _George M. Bentle for Dwight Ritter_

                                      DWIGHT F. RITTER, Esq.
                                        Attorney for Plaintiffs,
                                        ROBERT MATOS and
                                        SLOBODAN PRANJIC

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Reply Regarding Interest

# **TABLE OF AUTHORITIES**

Federal Statutes

    Federal Rules of Civil Procedure 54         2

Federal Case Law

Air Separation, Inc. v.         8,9,12,16
Underwriters at Lloyd's of London
45 Fed. 3rd 288 (9th Cir., 1995)

Alkmeon Naviera v. M/V Marina L        8
633 Fed. 2nd 789 (9th Circuit 1980)

Barnett v. Sea Land Services, Inc., 875 Fed.   8,14,15
2nd 741 (9th Cir., 1989)

City of Los Angeles, Harbor Division v.       5
Santa Monica Gatekeeper
254 Fed. 3rd 882 (9th Cir., 2001)

City of Milwaukee v. National Gypsum Company   8,16
515 U.S. 189, 115 Sup. Ct. 2091 (1995)

Columbia Brick Works v. Royal        15
768 Fed. 2nd 1066 (9th Cir., 1985)

Cunningham v. Gates, 229        7
Fed. 3rd 1271 (9th 2000)

Evich v. Morris        15
819 Fed. 2nd 256 (9th Cir., 1987)

Harrison v. Flota Mercante Grancolompiana, S.A.   14
577 Fed. 2nd 968 (5th Circuit)

Hook v. Arizona Department of Corrections    5
107 Fed. 3rd 1397 (9th Cir., 1997)

Hydrick v. Hunter        5
(2006 WL 2773196) (September 28, 2006)

In re Castro        5
919 Fed.2nd, 107(9th Cir., 1990)

Jeffries v. Wood        5
114 Fed.3rd 1984 (9th Cir., 1997)

Litton Sytems, Inc. v. Honeywell Inc.    6
238 Fed. 3rd 1376

1

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Table of Authorities for Plaintiffs' Reply Regarding Interest

Case 1:96-cv-00055   Document 1589   Filed 11/13/2006   Page 20 of 22

Lucas Automotive Engineering, Inc. v.                  5
Bridgestone/Firestone, Inc.
275 Fed.3rd 762 (9th Cir., 2001)

Merritt v. Mackey                                       6
932 Fed. 2nd 1317 (9th Circuit, 1991)

Moragne v. State Marine's Line                         16
398 US 375, 98 Sup. Ct.1772, 26 L.Ed. 2nd 339 (1970)

Nelson v. Energy Measurements Group, Inc.              12
37 Fed. 3rd 1384 (9th Circuit, 1994)

New Breed Leasing Corp. v. NLRB                         7
111 Fed. 3rd 1460 (9th Cir., 1997)

Old Person v. Brown                                     5
312 Fed.3rd 1036 (9th Cir., 2002)

Palacio v. Progressive Insurance Company               5
244 Fed. Supp. 2nd 1040

Power Agent, Inc. v. Electronic Data Systems Corp.     7
358 Fed. 3rd 1187 (9th Circuit 2004)

Saures v. Alaska Barge                                 13
600 Fed. 2nd 238 (9th Circuit, 1979)

Saavedra v. Korean Air Lines Co. Ltd.                   8
3 Fed. 3rd 547, (9th Cir., 1996) 1196 A.M.C. 2113

Tinsley v. Sea Lab Corp.                                2
979 Fed. 2nd 1382 (9th Cir.,1992)

Turner v. Japan Lines, Ltd.                        2,9,16,19
768 Fed.2nd 10666 (9th Cir. 1983)

U.S. v. Alexander                                       5
106 Fed. 3rd 874 (9th Cir., 1997)

U.S. v. Cuddy, 147 Fed. 3rd 111                    7
(9th Cir 1998)

U.S. Ex Rel Lujan v. Hughes Aircraft Co.               7
243 Fed.3rd 1181 (9th Cir., 2001)

U.S. v Hauser                                           4
804 Fed. 2nd 567

Vance v. American Hawaii Cruises Inc.               8,14,16
789 Fed. 2nd 790 (1986)

2

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Table of Authorities for Plaintiffs' Reply Regarding Interest

Case 1:96-cv-00055    Document 1589    Filed 11/13/2006    Page 21 of 22

<u>Ward</u> v. <u>American Hawaii Cruises</u>                16
719 Fed. Supp. 195 (Hawaii, 1988)

<u>Western Pacific Fisheries, Inc.</u> v.              8,13,16
<u>S.S. President Grant</u>
730 Fed. 2nd 1280 (9th Cir., 1984)

<u>State Statues</u>

Title 18 GCA §47106                               14

7 GCA §23106                                      10

3

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Table of Authorities for Plaintiffs' Reply Regarding Interest

Case 1:96-cv-00055    Document 1589    Filed 11/13/2006    Page 22 of 22