DWIGHT F. RITTER, ESQ.   (STATE BAR #127030)
RITTER & ASSOCIATES
2869 INDIA STREET
SAN DIEGO, CA   92103
(619) 296-0123

Attorney for Plaintiffs
ROBERT MATOS and SLOBODAN PRANJIC

FILED
DISTRICT COURT OF GUAM
NOV 21 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| TCW SPECIAL CREDITS, et al. ) | Case No. 96-00055 |
| Plaintiffs, ) | REQUEST FOR JUDICIAL ASSIGNMENT TO JUDGE JOHN COUGHENOUR |
| v. ) | |
| FISHING VESSEL CHLOE Z, Et al., ) | |
| Defendants. ) | |

Plaintiffs, ROBERT MATOS and SLOBODAN PRANJIC, by their counsel, Dwight Ritter, request that the MATOS and PRANJIC complaints, judgments, and all related TCW matters be assigned for all purposes to Judge John Coughenour, Senior Judge of the Western District Court of Washington, in Seattle, Washington, based on the following:

1.   The MATOS and PRANJIC claims have been pending in the Guam District Court since June of 1992 and January of 1993. The complaints remain unresolved and unpaid for approximately 14

1

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Motion For Judicial Assignment to Judge John Coughenour

Case 1:96-cv-00055    Document 1594    Filed 11/21/2006    Page 1 of 8

ORIGINAL

years. The initial jury trials in the Guam District Court occurred in July, 1996, and were tried before Judge John Coughenour. Thereafter, both MATO's verdict of $ 1,497,955 (without interest) and PRANJIC's verdict of $ 765,000 (without interest) were appealed by the defendants to the 9th Circuit Court of Appeals and those appeals were affirmed by the 9th Circuit in November, 1999. Prior to the appeal, the F/V Chloe Z vessel was arrested by creditors in an action known as the TCW action, and MATOS and PRANJIC joined in that arrest and the subsequent sale of the F/V Chloe Z. The sale occurred in December, 1996 and the Chloe Z was sold for a sum of approximately $ 6,000,000.

During that time, defendant F/V Chloe Z asserted that the MATOS and PRANJIC *in rem* claims against the vessel were not within the statute of limitations, even though the *in rem* claims were included in the original complaints filed in Guam District Court. Judge Unpingco ruled that the *in rem* claims were timely filed and within the statute of limitations and that, even if they weren't, equitable estoppel would preclude assertion of the statute of limitations defense. In July, 1998, MATOS and PRANJIC again tried their claims and obtained *in rem* judgments totaling approximately $ 1,200,000 (without interest) in about February of 1999. Thereafter, F/V Chloe Z appealed to the 9th Circuit Court of Appeals on the basis that the F/V Chloe Z had been denied the opportunity to present their statute of limitation defense. In September, 2000, the 9th Circuit remanded to the

2

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Motion For Judicial Assignment to Judge John Coughenour

Case 1:96-cv-00055   Document 1594   Filed 11/21/2006   Page 2 of 8

Guam District Court for reconsideration of the statute of limitations issue and equitable estoppel. In April of 2004, approximately seven years after Judge Unpingco's original ruling and after two trials and two appeals, Judge Unpingco reversed his original ruling of 1997 and denied MATOS and PRANJIC their claims on the basis of statute of limitations and vacated the *in rem* judgments.

MATOS and PRANJIC then appealed the April, 2004, Judge Unpingco decision to the 9th Circuit Court of Appeals. After submitting briefs, preparing the records, and oral arguments, the 9th Circuit Court of Appeals reversed Unpingco's decision and held that the MATOS and PRANJIC complaints were filed within the statute of limitations and that their *in rem* judgments are valid. Thereafter, F/V Chloe Z filed their petition for rehearing in the 9th Circuit and their petition for en banc hearing. Both petitions were denied and the 9th Circuit issued its mandate on September 11, 2006.

On October 12, 2006, Judge Coughenour requested status reports from all counsels on the MATOS and PRANJIC matter and counsel for MATOS and PRANJIC, F/V Chloe Z, and TCW filed their reports. Shortly thereafter, MATOS and PRANJIC filed their motion to establish prejudgment and post-judgment interest on their reinstated judgments and F/V Chloe Z filed its opposition which was followed by a timely MATOS and PRANJIC reply on November 13, 2006.

F/V Chloe Z has recently requested an extension of time to

3

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Motion For Judicial Assignment to Judge John Coughenour

Case 1:96-cv-00055   Document 1594   Filed 11/21/2006   Page 3 of 8

file their petition for writ of certiorari to the U.S. Supreme Court on the issue of statute of limitations and that petition is due December 1, 2006. Thereafter, MATOS and PRANJIC will file their opposition to the petition in the U.S. Supreme Court and F/V Chloe Z will have the opportunity to reply to the opposition. There is no limit on the period of time during which the U.S. Supreme Court may review and consider a petition for writ of certiorari. MATOS and PRANJIC are opposed to staying the remaining issues in the TCW action until resolution of the petition for writ of certiorari.

2. Over the course of the past 14 years, MATOS and PRANJIC, and their counsel, have received no payments on their multimillion dollar claims and judgments. However, during the course of this litigation, they have incurred very substantial and large expenditures for costs, expenses, and, most importantly, travel and lodging on the Island of Guam. As counsel for plaintiffs, Dwight Ritter has made four appearances on behalf of plaintiffs in Guam and never stayed less than two weeks including trial time and trial preparation time. During the appearance in 2002, the catastrophic Typhoon Pongsonwa hit the island and caused horrendous damage to various buildings, properties, vehicles, court facilities, and hotels. Typhoon Pongsonwa lasted an incredible length of time, and at the end, had caused horrible damage to nearly every person and location on the island, including myself. Our hotel was severely damaged and it was numerous days before air service was restored and

4

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Motion For Judicial Assignment to Judge John Coughenour

Case 1:96-cv-00055    Document 1594    Filed 11/21/2006    Page 4 of 8

anyone could leave the island. Like everyone else, we were without food, water, and electricity. Nevertheless, we did not waiver in our representation of the clients and returned to Guam in May of 2004, and tried the issues that were pending at that time. It now appears that despite the fact that plaintiffs MATOS and PRANJIC hold four judgments, additional appearances may be necessary on Guam to resolve ongoing collection problems. Obviously, costs and expenses to the plaintiffs will increase substantially with additional travel costs, lodging and accommodations.

    3.    Currently, all primary counsel, not local counsel, are located in Seattle, Washington except for Dwight Ritter, who is counsel for plaintiffs MATOS and PRANJIC and is located in San Diego. Thus, Dwight Ritter has proposed that since all primary counsel are from Seattle, Washington, and Dwight Ritter is much closer to Seattle, Washington, that Judge John Coughenour be assigned the MATOS and PRANJIC complaints and all related TCW matters for further litigation and proceedings. While the costs of travel to Seattle will not be insignificant, nonetheless, those travel costs will be substantially less than travel costs and accommodations on the Island of Guam.

    4.    MATOS and PRANJIC, by their counsel, Dwight Ritter, has proposed and is requesting that Judge John C. Coughenour, Senior Judge of the Western District Court of Washington, in Seattle, Washington, be assigned the MATOS and PRANJIC claims, and all related TCW matters, for all purposes based on the

5

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Motion For Judicial Assignment to Judge John Coughenour

Case 1:96-cv-00055   Document 1594   Filed 11/21/2006   Page 5 of 8

following reasons:

    a. Judge John Coughenour is a well respected and certainly very experienced trial judge who presided over the first two MATOS and PRANJIC trials and is very familiar with the claims and defenses of all parties and the history of this litigation. In addition, Judge Coughenour has periodically been assigned to handle various rulings in the TCW action and is now the most experienced jurist on this case.

    b. Dwight Ritter, as counsel for MATOS and PRANJIC, is proposing to travel to Seattle for all purposes in an attempt to reduce costs and continue further proceedings with a senior jurist who is well experienced with this case. Most trips for the hearings to Seattle can probably be managed without an overnight accommodation and travel will occur within one day.

    c. Primary defense counsel, because of their location in Seattle, will have substantial cost savings as a result of this assignment.

    d. Also, there remain serious concerns about the *res* funds of approximately $ 6,000,000 that were ordered to be held in the Court Registry. TCW appears to be stating that there are less than sufficient funds to satisfy the MATOS and PRANJIC judgments even though there was $ 6,000,000 in funds at the time of F/V Chloe Z's sale. Judge Coughenour, as a Senior Judge for the District Court of Washington, has direct prior experience that will assist in resolving or litigating serious claims that exist among creditors to the $ 6,000,000. For instance, Judge

6

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Motion For Judicial Assignment to Judge John Coughenour

Case 1:96-cv-00055   Document 1594   Filed 11/21/2006   Page 6 of 8

Coughenour is aware that a $ 25,000,000 Protection and Indemnity insurance policy existed on the vessel as that insurance issue arose during the *in personam* trials in July of 1996.

    e.    Michael Barcott, counsel for F/V Chloe Z, suggests in his status report that "fact finding" proceedings may be required and evidentiary hearings may be necessary and, if so, then Seattle, Washington is certainly a more convenient forum for all primary defense counsel. Craig Miller, counsel for TCW, is there as well.

    5.    This request for judicial assignment is subject, of course, to the willingness and ability of Judge Coughenour to accept the TCW matter for all purposes and accept the responsibility for further proceedings. Certainly if Judge Coughenour is unable or unwilling to serve, then his appointment very quickly becomes a moot issue. Thus, a copy of this request has been forwarded to the chambers of Judge John Coughenour for his consideration. Were Judge Coughenour either to be unwilling or unable to serve in this capacity, then this request will certainly be ineffective in relieving the Guam District Court of a horrendously burdensome case, with resolution long past due, and of relieving all parties and their counsel of the financial burden of further proceedings and litigation in the Guam District Court.

Wherefore, MATOS and PRANJIC, by their counsel, Dwight Ritter, request a judicial assignment to Judge John Coughenour, Senior Judge of the Western District Court of Washington, in

7

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Motion For Judicial Assignment to Judge John Coughenour

Case 1:96-cv-00055    Document 1594    Filed 11/21/2006    Page 7 of 8

Seattle, Washington, for all purposes regarding the MATOS and PRANJIC complaints, judgments, and all related TCW actions.

Dated: *November 21*, 2006    /s/ *George M. Butler, by CA Butler*
GEORGE BUTLER, Esq.
Attorney for Plaintiffs,
ROBERT MATOS and
SLOBODAN PRANJIC

8

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Motion For Judicial Assignment to Judge John Coughenour

Case 1:96-cv-00055    Document 1594    Filed 11/21/2006    Page 8 of 8