**Michael A. Barcott**
**HOLMES WEDDLE & BARCOTT**
999 Third Avenue, Suite 2600
Seattle, Washington 98104
(206) 292-8008 Telephone
(206) 340-0289 Facsimile

**Anita P. Arriola**
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagatna, GU 96932
(671) 477-9730 Telephone
(671) 477-9734 Facsimile

Attorneys for the M/V CHLOE Z

**FILED**
DISTRICT COURT OF GUAM
NOV 30 2006
MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| TCW SPECIAL CREDITS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FISHING VESSEL M/V CHLOE Z, et al., <br><br> Defendants. | Case No. 96-00055 <br><br> **OPPOSITION TO REQUEST FOR JUDICIAL ASSIGNMENT TO JUDGE JOHN COUGHENOUR** |

In what can only be characterized as an unprecedented move, counsel for plaintiffs who brought two lawsuits for two individuals in Guam now asks, after 12 years, for a judicial reassignment to a judge in the Western District of Washington. This request raises "forum shopping" to a new level. This is a Guam case to be decided by this Court.

There remains only one motion to be decided in this litigation before it comes to a conclusion in this Court. That motion is the motion regarding interest which has recently been referred to the magistrate for a recommendation. As set forth in the undersigned's status report submitted to the Court on October 20, 2006, it will be a relatively simple procedure for the Court

to rule on legal issues and make factual determinations after which the parties will submit economists reports. There will no need for a hearing, trial, or any other travel to Guam.

Counsel for plaintiffs has set forth the chronology of these cases. Judge Coughenour (sitting in Guam) handled the *in personam* trials in a separate lawsuit involving these parties in 1996. He has had absolutely nothing to do with the *in rem* personal injury trials which were tried before Judge Unpingco in 1998. Those judgments were appealed, remanded, retried, reappealed, and are now back on remand one more time. Nothing about Judge Coughenour's involvement in the *in personam* claims would give him any insight into the legal and factual issues on the only issue remaining in this case, prejudgment and postjudgment interest. Those issues are peculiarly within the province of the trial court which tried these cases in the *in rem* proceeding. While it is true that Judge Unpingco no longer sits on the trial court, it is equally true that Judge Coughenour had nothing to do with the *in rem* personal injury trials. The interest issues pertain solely and exclusively to those *in rem* trials.

This litigation concerns funds which have been held in the registry of the District Court in Guam since 1996. Although the file is massive and the docket numbers in the thousands, the sole remaining issue is really quite simple and Judge Coughenour has no added expertise as he has had no involvement in the personal injury *in rem* portion of this litigation.

As the Court will see from a review of the motion on prejudgment interest plaintiff's counsel has made many mistakes and misrepresentations in his pleadings to the Court. The first such misrepresentation in the current motion occurs on page 1 wherein plaintiff's counsel states "the Matos and Pranjic claims have been pending in the Guam District Court since June of 1992 and January of 1993." A review of the Court's file will show that the *in personam* litigation was filed in this Court in 1994 and the claims in this action were filed in 1996. While these

differences in years may not be substantively important, it is important that the Court appreciate that not all of the representations made by plaintiff's counsel are accurate.

One questions then, whether counsel for plaintiffs, after 12 years of silence, is now truly concerned about travel expenses to a hearing which will never take place or whether there is some other "agenda" which has caused him to be less than candid with the Court about his reason for making this request. The short answer to this question is found in footnote 5 of Judge Coughenour's decision in this case of August 2, 2004. In that decision, which involved a request by TCW to withdraw funds from the registry of the court, Judge Coughenour expressed his concern for the plaintiffs in this litigation. One must ponder whether Mr. Ritter's sudden concern for travel to Guam has more to do with his perception that he might gain some advantage by having Judge Coughenour preside over the remainder of this case.[1]

Plaintiff's motion should be denied.

RESPECTFULLY SUBMITTED this 30th day of November, 2006.

ARRIOLA, COWAN & ARRIOLA

By: *[signature]*
ANITA P. ARRIOLA
Attorneys for F/V CHLOE Z

---

[1] The undersigned practices extensively in the United States District Court for the Western District of Washington and has appeared before Judge Coughenour on numerous occasions. It is the undersigned's view that Mr. Ritter is significantly misreading the situation and that if Judge Coughenour had the briefing before him on the interest issue that the outcome likely would be no different than the ruling which would come from this Court.