```
DWIGHT F. RITTER, ESQ.   (STATE BAR #127030)
RITTER & ASSOCIATES
2869 INDIA STREET
SAN DIEGO, CA  92103
(619) 296-0123

Attorney for Plaintiffs
ROBERT MATOS and SLOBODAN PRANJIC
```

FILED
DISTRICT COURT OF GUAM
DEC 1 1 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| TCW SPECIAL CREDITS, et al. | Case No. 96-00055 |
| Plaintiffs, | PLAINTIFFS ROBERT MATOS AND SLOBODAN PRANJIC'S MOTION TO WITHDRAW FUNDS TO SATISFY THEIR *IN REM* JUDGMENT |
| v. | |
| FISHING VESSEL CHLOE Z, Et al., | |
| Defendants. | |

Plaintiffs ROBERT MATOS and SLOBODAN PRANJIC, by their counsel, Dwight Ritter, move to withdraw funds from the Court Registry to satisfy their priority *in rem* judgments based on the following:

1. On October 17, 2006, MATOS and PRANJIC filed their motion to establish prejudgment and post-judgment interest on their *in rem* judgments. This request is pending in the Guam

1

---

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Motion to Execute on Their Judgments

District Court.

2. On October 23, 2006, MATOS and PRANJIC filed their status report to Judge Coughenour regarding the status of the collection of the judgments.

3. On November 21, 2006, MATOS and PRANJIC filed their Request for Judicial Appointment of Judge John Coughenour and that request is pending in the Guam District Court.

4. Plaintiffs are requesting a written accounting of all funds deposited and withdrawn from the Court Registry that relate to the TCW action. This accounting should include the initial deposit of approximately $ 6,000,000 which reflected the proceeds from the initial sale of the F/V Chloe Z. Please note the funds pertaining to the TCW action may have been held in more than one banking location. Based on the recent TCW "status" report, it appears that funds may be held, not only in the Bank of Guam, but also in the Bank of Hawaii. If this is true, all claimants are entitled to know the full amount of the proceeds in the Court Registry and whether any disbursements were made on a non-priority basis. In other words, have any claimants withdrawn funds from the Court Registry that were not a priority lien over other claimants. In addition, it remains unknown as to whether Sphere Drake, the insurance carrier for F/V Chloe Z, has fulfilled its obligation to indemnify the Court Registry based upon a $ 25,000,000 Protection and Indemnity insurance policy that existed before the F/V Chloe Z was sold. It remains unknown as to whether the approximately $ 750,000 that was

2

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Motion to Execute on Their Judgments
Case 1:96-cv-00055   Document 1599   Filed 12/11/2006   Page 2 of 6

withdrawn from the Court Registry to pay the Mazic claims were then reimbursed by Sphere Drake's indemnity policy.

To clarify these issues, MATOS and PRANJIC are seeking a written accounting of all deposits and withdrawals from the TCW accounts held in the Court Registry since commencement of these proceedings.

5. On October 20, 2006, F/V Chloe Z filed its application for extension of time to file a petition for writ of certiorari to the U.S. Supreme Court. Assuming that F/V Chloe Z files for a writ of certiorari to the U.S. Supreme Court, that action does not in any way prevent MATOS and PRANJIC from withdrawing funds from the Court Registry to partially or fully satisfy their pending judgments in the amount of approximately $ 2,375,000. MATOS and PRANJIC fully intend to withdraw all available funds from the Court Registry, with the exception of $ 50,000, in order to maintain the account for administrative fees or costs that may occur in the future.

6. In lieu of withdrawal of these funds from the Court Registry, F/V Chloe Z may seek to post a bond to secure MATOS and PRANJIC that upon completion of the appeal to the U.S. Supreme Court that full and complete payment of the *in rem* judgments will occur and without further delays. Under Federal Rules of Civil Procedure 62(d), this supersedeas bond for the payment of MATOS and PRANJIC judgments must be adequate to satisfy not only the judgment, but also all costs and interests, including prejudgment and post-judgment interests. Currently,

3

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Motion to Execute on Their Judgments

Case 1:96-cv-00055   Document 1599   Filed 12/11/2006   Page 3 of 6

the MATOS and PRANJIC judgments are accruing over $ 280 per day, as legal interest.

Plaintiffs MATOS and PRANJIC, as ordinary seamen and wards of the court, are entitled to the protections and security provided under 28 U.S.C. Section 2464. Defendant CHLOE Z, under Section 2464, allows CHLOE Z to stay the execution of process against the CHLOE Z "so long as the amounts secured by such bond or stipulation is at least double the aggregate amount claimed by libellants in such suits which are begun and pending against such vessel. Similar judgments or decrees and remedies may be had on such bonds or stipulation as if this special bond or stipulation has been filed in each of such suits." In this case, CHLOE Z, claiming representation of the funds in the Court Registry, must post a bond at least "double" the amount of the pending judgments, with interest. MATOS and PRANJIC are entitled to approximately $ 2,375,000 and double that sum equals $ 4,750,000. Further, the Guam District Court has the authority under Section 2461(b) to make necessary orders to carry this section into effect and such bonds shall be endorsed by the clerk wherever process is so stayed.

7. In addition, seamen are entitled to the protection of their claims under Supplemental Rules for Certain Admiralty and Maritime claims as well. Under Rule F(7), "Insufficiency of Fund or Security", any claimant may demand the funds to be deposited into the court be increased on the grounds that they are less than the value of plaintiff's interest. Thereupon the

4

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Motion to Execute on Their Judgments
Case 1:96-cv-00055   Document 1599   Filed 12/11/2006   Page 4 of 6

court shall determine by appraisement, if necessary, the value of the plaintiff's interest and if the depositor's security is insufficient to carry out the provisions of the statutes relating to claims regarding loss of life and bodily injury, the court shall order its increase. The district court may similarly order that either the depositor or the security be increased, if necessary. Thus, the district court is requested to require the posting of a supersedeas or special bond in the amount of $ 4,750,000 to secure their judgments with interest, in the event that MATOS and PRANJIC's request to withdraw funds is stayed pending appeal.

8.  Thus, MATOS and PRANJIC are seeking a special or supersedeas bond, to cover all potential known and unknown contingencies that may occur which might delay payment of the *in rem* judgments. Without a supersedeas bond to secure their full judgments, and not partial judgments, MATOS and PRANJIC are fully entitled to withdraw adequate funds to, at least, partially satisfy their *in rem* judgments and recover some of their substantial expenses in the TCW action. Further, partial payment will reduce the daily interest that is currently accruing against CHLOE Z and thus lessen F/V CHLOE Z's financial burden if their appeal is unsuccessful.

Wherefore, MATOS and PRANJIC, request equitable and legal relief based on their requests and an order as follows:

1.  A full written accounting of all deposits and withdrawals from the TCW accounts which are held in the Court

5

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Motion to Execute on Their Judgments
Case 1:96-cv-00055   Document 1599   Filed 12/11/2006   Page 5 of 6

Registry at several banking locations in order to determine the status of the approximately $ 6,000,000 that was deposited in the Court Registry for all lien claimants.

2. Allow withdraw of all available funds from the Court Registry in the TCW accounts to, at least, partially satisfy the MATOS and PRANJIC judgments that are currently in excess of $ 2,375,000. MATOS and PRANJIC also request that $ 50,000 be left in the Court Registry to cover any future costs or administrative expenses and to maintain the account.

3. In lieu of withdrawing funds, F/V Chloe Z and their representatives, may post an adequate and sufficient supersedeas bond payable to fully satisfy the MATOS and PRANJIC judgments and any possible future interest and costs in the amount of $ 4,750,000.

Dated: December 8, 2006     _George Butler_
                            GEORGE BUTLER, Esq.
                            Attorney for Plaintiffs,
                            ROBERT MATOS and
                            SLOBODAN PRANJIC

6

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Plaintiffs Matos and Pranjic's Motion to Execute on Their Judgments
Case 1:96-cv-00055   Document 1599   Filed 12/11/2006   Page 6 of 6