Craig Miller
**DAVIS WRIGHT TREMAINE LLP**
2600 Century Square
1501 Fourth Avenue
Seattle, WA 98101
Tel: (206) 622-3150

John B. Maher
**MAHER YANZA FLYNN TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Gov. Joseph Flores Bldg.
Hagatna, Guam 96910-5004
Tel: (671) 477-7059



**FILED**

DISTRICT COURT OF GUAM

APR 24 2007

MARY L.M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| TCW SPECIAL CREDITS, et al., | Civil Case No. 96-00055 |
| Plaintiffs, | |
| v. | |
| F/V CHLOE Z, et al., | |
| Defendants. | |
| | TCW SPECIAL CREDITS' SUPPLEMENTAL RESPONSE TO PRANJIC/MATOS MOTION TO WITHDRAW FUNDS |
| VJEKO MAZIC, | |
| Plaintiff-in-Intervention, | |
| v. | |
| M/V CHLOE Z, et al., | |
| Defendants. | |

TCW Special Credits ("TCW") submits this Supplemental Response in reply to the Pranjic/Matos Reply Memorandum, filed April 17, 2007.

In their Reply Memorandum, Pranjic/Matos make the following defamatory and extraordinary charge:

TCW SPECIAL CREDITS' SUPPLEMENTAL RESPONSE TO
PRANJIC/MATOS MOTION TO WITHDRAW FUNDS - 1
SEA 1995729v1 0039069-000040

TCW falsely represented to the district court the full amount of MATOS and PRANJIC claims and thereby converted $5,000,000 out of the Court Registry improperly to TCW's benefit. In October, 2001, TCW wrongfully stated: "At this point it is irrefutably clear from the arithmetic that the remaining CHLOE Z Vessel Sale Proceeds are at least now $5,500,000 in excess of the reserve need to satisfy the maximum possible in rem liens of all three personal injury claimants." See TCW's Motion for Partial Distribution of Vessel Proceeds, page 6, lines 14-16... The above quote taken from TCW's Motion for Partial Distribution of Vessel Proceeds is both false and inaccurate. As a result of TCW's wrongful withdrawal, there are not adequate funds in the Court Registry to cover the MATOS and PRANJIC judgments in the amount of $2,375,000.

Reply Memorandum, 3:7-21. The accusations against TCW are completely scurrilous.

The Court should be aware of the following:

1. All disbursements made to TCW have been by virtue of court order, entered on notice and hearing. TCW has received only what this Court has ordered that TCW receive.

2. TCW has never made any "withdrawals." TCW does not have the power to make "withdrawals." The proceeds from the sale of the vessel CHLOE Z, and her cargo, were deposited into the Registry of the Court. TCW at no time has held any of the money.

3. The TCW Memorandum, dated October 21, 2001, that is cited by Pranjic/Matos in their Reply Memorandum, was filed by TCW in support of its Motion for Summary Judgment on Promissory Notes, Mortgage and Other Collateral Instruments, and for Partial Distribution of Vessel Sale Proceeds to Mortgagee, and For Entry of Judgment in Accordance Therewith. (A full copy of TCW's October 21, 2001, Memorandum is attached hereto as **Exhibit A**.) TCW's Motion was

TCW SPECIAL CREDITS' SUPPLEMENTAL RESPONSE TO
PRANJIC/MATOS MOTION TO WITHDRAW FUNDS - 2

extensively supported. TCW's motion was granted in a detailed Order entered February 19, 2002. (A full copy of the Order granting TCW's motion, dated February 19, 2002, is attached hereto as **Exhibit B**.)

4. All calculations set forth in TCW's moving papers were accepted by the Court, and a distribution of $5,500,000 ordered to TCW in the February 19, 2002, Order.

5. The attorneys for Pranjic and Matos have made representations to the Court that entirely support TCW's 2001 calculations.

6. One such instance was the Amended Declaration of William O. Dougherty in Support of Payment of Vejko Mazic's Personal Injury Claim in Full from Res Proceeds, filed on or about June 6, 2002. (A copy of the Dougherty Amended Declaration is attached as Ex. 4 to CHLOE Z's Memorandum of Points and Authorities, Etc., filed January 19, 2007.) Mr. Dougherty was counsel for Mazic, who was the third of the three personal injury claimants (along with Pranjic and Matos). However, Mr. Dougherty was also counsel for Pranjic and Matos. See, Intervening Plaintiffs Robert Matos and Slobodan Pranjic Notice, Etc., filed April 2, 2001 ("Chloe Z has also deposed on multiple occasions Matos & Pranjic other lead counsel...William O. Dougherty." Notice, 18-21 (emphasis added); a copy of this Notice is attached as Ex. 5 to CHLOE Z's Memorandum of Points and Authorities, Etc., filed January 19, 2007.) Moreover, Guam local counsel George M. Butler was at all relevant times the attorney for all three claimants, Mazic, Pranjic and Matos. With that background, the statements made (under oath) by Mr. Doughtery are very important:

In addressing this issue the undersigned would refer the court to TCW's Motion For Summary Judgment on Promissory Note, Mortgage and Other Collateral Instruments and For Partial Distribution of Vessel Proceeds filed with this court on October 26, 2001, a copy of which is attached hereto and marked as Exhibit "I". In connection with that document, TCW sets forth the history and procedural background of this matter and further summarizes the *in rem* claims of Pranjic, Mazic and Matos.

Pranjic's *in rem* claims were tried to this court and resulted in a judgment in the sum of $577,420.00 on or about January 11, 1999. The Ninth Circuit's ruling reduced the award by approximately $44,000.00.

. . .

Matos' *in rem* claims were tried to this court with the court entering its decision on February 19, 1999 awarding judgment in the sum of $621,514.00. The Ninth Circuit ruling with respect to pre-judgment interest in the matter, if awarded, could increase that sum by approximately $242,000.00. Taking into effect the Ninth Circuit Court's ruling and allowing for post judgment interest the following represents a fair figure for the total liquidated *in rem* claims payable by lien on the Chloe Z vessel sale proceeds:

Pranjic       Trial Award $577,420.00 (Ninth Circuit reduction $44,000.00, accrued post judgment interest $75,000.00) Total $608,420.00.

Matos       Trial Award $621,514.00 (Potential Ninth Circuit increase for pre-judgment interest $242,000.00, accrued post judgment interest $120,000.00) Total $983,514.00.

. . .

As there is currently $2,658,674.63 plus accrued interest on deposit with this Honorable Court, there are more than adequate funds in the registry to satisfy the perfected maritime liens of Mazic, Matos and Pranjic. [Even after the payment of Mazic's claim in full in the sum of approximately $691,000.00 including interest to date,

TCW SPECIAL CREDITS' SUPPLEMENTAL RESPONSE TO
PRANJIC/MATOS MOTION TO WITHDRAW FUNDS - 4

the registry will still be left with $1,965,000.00 to pay the Matos and Pranjic claims which total $1,593,000.00 at most, leaving an excess of at least $372,000.00.] Therefore it is respectfully requested that this court order payment of the Mazic claim in full at this time as it will clearly not compromise full payment of the claims of Matos and Pranjic once they have been determined.

Dougherty Declaration, June 6, 2002, 3:9 -- 4:14.

7.     Another such instance is this:     In its 2001 moving papers, TCW informed the Court that then outstanding balance owed on the Pranjic Judgment was $584,095; and on the Mazic Judgment was $945,547. (See, TCW Memorandum, Ex. A., 7:18-21 and 8:6-8.)   The sum of those numbers is $1,529,642.  Again, that squarely closely with Pranjic's and Matos's own representations to the Court as to the amounts of their Judgment. See, e.g., Pranjic/Matos Opposition to TCW's Motion for Distribution of Remaining Vessel Sale Proceeds, attached as Exhibit 2 to CHLOE Z's Memorandum of Points and Authorities, Etc., filed January 19, 2007.  There, Pranjic and Matos state:

> In approximately 1999, Plaintiffs-in-Intervention Robert Matos... and Slobodan Pranjic...obtained judgments against the fishing vessel M/V Chloe Z totaling [sic] approximately $1.4 million.

Pranjic/Matos Opposition, filed May 27, 2004, 2:3-5.  Obviously, TCW's number of $1,529,547 is materially similar to the Pranjic/Matos number of $1.4 million.

8.     The Court should understand, therefore, that TCW's representations to the Court have been entirely correct.  What is happening here is that Pranjic and

Matos apparently are now attempting to "gin up" the amounts of their Judgments, and then blame any apparent shortfall on other parties (and, implicitly, on the Court itself).

9.    As always, TCW takes no position on the determination of the final calculation of the Pranjic and Matos Judgments. That issue is between the claimants and CHLOE Z.

Dated this 24th day of April, 2007.

Attorneys for TCW Special Credits

**MAHER · YANZA · FLYNN · TIMBLIN, LLP**

By _____
        JOHN B. MAHER

Craig Miller
**DAVIS WRIGHT TREMAINE LLP**
2600 Century Square
1501 Fourth Avenue
Seattle, WA 98101
Tel. (206) 622-3150

# CERTIFICATE OF SERVICE

I, John B. Maher, hereby certify that on April 24, 2007, I caused the annexed **TCW SPECIAL CREDITS' SUPPLEMENTAL RESPONSE TO PRANJIC/MATOS MOTION TO WITHDRAW FUNDS** to be served on the parties hereto, via First Class U.S. Mail, to:

Dwight F. Ritter, Esq.
**RITTER & ASSSOCIATES**
2869 India Street
San Diego, California 92103

Frederick M. Dudek, Esq.
**DUDEK LAW FIRM**
9820 Willow Creek Road, Suite 470
San Diego, California 92131-1131

Michael A. Barcott, Esq.
**HOLMES WEDDLE & BARCOTT**
999 Third Avenue, Suite 2600
Seattle, Washington 98104

and via personal service, by delivering and leaving copies of same with:

George M. Butler, Esq.
**BUTLER & TELFORD BUTLER**
Suite 203, American Life Building
137 Murray Street
Hagatna, Guam 96910

Anita P. Arriola, Esq.
**ARRIOLA, COWAN & ARRIOLA**
Suite 201, C&A Professional Bldg.
259 Martyr Street
Hagatna, Guam 96910

Dated this 24th day of April, 2007.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
**Attorneys for Plaintiff**
**TCW Special Credits**

BY: _____
**JOHN B. MAHER**

TCW SPECIAL CREDITS' SUPPLEMENTAL RESPONSE TO
PRANJIC/MATOS MOTION TO WITHDRAW FUNDS - 7

# EXHIBIT A

RECEIVED
ARRIOLA, COWAN & ARRIOLA

1 | Craig Miller
**DAVIS WRIGHT TREMAINE LLP**
2 | 2600 Century Square
1501 Fourth Avenue
3 | Seattle, WA 98101
Tel. (206) 622-3150
4 |
D. Paul Vernier, Jr.
5 | **McKEOWN • VERNIER • PRICE • MAHER**
A Joint Venture of McKeown Price LLP
6 | And Vernier & Maher LLP
115 Hesler Place • Ground Floor
7 | Governor Joseph Flores Building
Hagåtña, Guam 96910
8 | Tel. (671) 477-7059
9 | Attorneys for Plaintiff
TCW Special Credits
10 |
11 | UNITED STATES DISTRICT COURT
12 | DISTRICT OF GUAM

OCT 26 2001
BY: _____ TIME: 3:33 p.m.

RECEIVED

FILED
DISTRICT COURT OF GUAM
OCT 26 2001
MARY L.M. MORAN
CLERK OF COURT

3:06 p.m.
OCT 26 2001

Law Office of
BERM N O'CONNOR
& MANN

RECEIVED BY
4:00p
OCT 26 2001
ZAMSKY LAW FIRM

13 | TCW SPECIAL CREDITS, et al., )
14 | Plaintiff, )
15 | v. )
16 | FISHING VESSEL CHLOE Z, et al., )
17 | Defendant. )
JUAN BARNADIARAN, et al., )
18 | Plaintiffs-in- )
19 | Intervention. )
20 | )
RELATED CLAIMS-IN-INTERVENTION )
21 | )
22 |

No. 96-00055

**TCW'S MOTION FOR SUMMARY JUDGMENT ON PROMISSORY NOTE, MORTGAGE AND OTHER COLLATERAL INSTRUMENTS; AND FOR PARTIAL DISTRIBUTION OF VESSEL SALE PROCEEDS TO MORTGAGEE; CERTIFICATE OF SERVICE**

[ORAL ARGUMENT NOT REQUESTED]

Plaintiff TCW Special Credits ("TCW") moves for summary judgment on its claims on the defaulted promissory note, and the preferred ship mortgage and other collateral instruments securing the promissory note; and for distribution to TCW of a portion of the vessel sale proceeds.

26 | TCW'S MOTION FOR SUMMARY JUDGMENT - 1

3:46 pm
OCT 26 2001
TEKER CIVILLE

TCW does not request oral argument.

As the Court knows, there has been a final, comprehensive settlement reached between TCW and Crew Claimants, and that settlement has been fully implemented. See, Stipulation and Order Approving Settlement, Etc. ("Settlement Approval Order"), entered September 19, 2001. The settlement between TCW and Crew was reached only after lengthy negotiation and mutual compromise. That settlement resolves litigation concerning the Crew wage claims that has lasted more than five years, and has included scores of motions to this court, a trial, and multiple appeals. TCW is therefore most pleased to be able to advise the Court of the settlement with the Crew.

Following in logical sequence from that settlement, TCW's present motion is a necessary next step toward the final completion of this litigation.

Relative to this motion, there are no facts in dispute.

A.     **Summary Judgment and Order of Disbursal Requested.**

TCW requests entry of summary judgment against defendant Chloe Z Fishing Co., Inc. ("CZFC, Inc.") for money judgment on the sum certain owed by CZFC, Inc., on its defaulted promissory note (the "Term Loan Note"); and for foreclosure of the preferred ship mortgage ("Preferred Ship Mortgage") the F/V CHLOE Z, Official No. Official No. 653391 ("Vessel") and of the other collateral instruments sued on in TCW's verified Complaint.

As of September 30, 2001, the defaulted indebtedness owed by CZFC, Inc., on the Term Loan Note is $19,225,956.01, exclusive of legal fees. Interest continues to accrued on the defaulted principal balance of the Term Loan Note at the rate of $3,580.57 per diem, from September 30, 2001, until paid. Mazurek Declaration, ¶ 3.

TCW also requests an order disbursing to TCW proceeds of the sale of the Vessel, now held in the registry of the Court, **but reserving** in the registry ample funds for eventual

TCW'S MOTION FOR SUMMARY JUDGMENT - 2

satisfaction of liens as may be established by personal injury claimants Slobodan Pranjic, Robert Matos and Vjeko Mazic (together, "Personal Injury Claimants").

**B.      Evidence Relied Upon.**

In support of this motion, TCW relies on the following evidence:

1.      The prior orders of this Court, as cited in this memorandum.

2.      The Clerk's entry of defaults, on file in this action.

3.      Declaration of Mariusz Mazurek, dated October 16, 2001, filed herewith.

4.      TCW's verified Complaint ("TCW Complaint") and exhibits attached thereto, on file in this action.

5.      Declaration of D. Paul Vernier, Jr., presenting the Statement of Account, dated October 24, 2001, from US District Court Office of the Clerk.

**C.      History and Procedural Background of Case.**

As established in the verified TCW Complaint, TCW is the holder of the Preferred Ship Mortgage the CHLOE Z, which secures the obligations of the Vessel's owner, CZFC, Inc., under a Loan Agreement and Term Loan Note. TCW holds additional security for those obligations by virtue of CZFC, Inc.'s grants of security and assignment under a Security Agreement and Assignment of Insurances. To the best knowledge of TCW, no party in this action has ever materially contested the accuracy of any allegation made in the TCW Complaint.

The Term Loan Note was made and delivered by CZFC, Inc., on October 15, 1991. The original lender to CZFC, Inc., and the indicated payee on the Term Loan Note, is a Norwegian bank, Christiania Bank. However, TCW purchased Christiania Bank's interest in the Term Loan Note (and in all supporting collateral, including the Preferred Ship Mortgage) on June 30, 1995. CZFC, Inc.'s obligations under the Term Loan Note have been in default since July 1, 1993.

The TCW Complaint was filed on July 5, 1996.

TCW'S MOTION FOR SUMMARY JUDGMENT - 3

TCW immediately moved for a warrant of arrest of the Vessel. The Vessel was forthwith arrested, as was her fish catch aboard ("Fish Catch").

Proper service and notice of the action and of the arrest was given to all interested persons. See, Certificate of Mailing, filed July 11, 1996 (notice given to all lien claimants); return of service on registered agent for CZFC, Inc., dated July 16, 1996; and Declaration of Maggie Castro, regarding publication of Notice in Pacific Daily News, filed July 18, 1996.

The Clerk on September 26, 1996, entered a Default against CHLOE Z and CZFC, Inc., as to TCW's Complaint. Also, on April 20, 1998, the Court entered an Order of Default Against All Non-Appearing Claimants to the Vessel and Against Chloe Z Fishing Co., Inc.

The following claimants asserted claims against the Vessel and/or its Fish Catch by way of complaints-in-intervention: Starkist Caribe, Inc. and Star-Kist Foods, Inc. (the Starkist parties together filed one complaint, on July 26, 1996); a group of unpaid seamen who served aboard the CHLOE Z ("Crew Claimants") (filed July 30, 1995, and amended and supplemented thereafter); Shell Guam, Inc. (filed August 19, 1996); and Clipper Oil Company (filed October 9, 1996); and the three Personal Injury Claimants.

An Order for Interlocutory Sale of the Fish Catch was entered on August 9, 1996. On August 20, 1996, the Fish Catch was sold at auction by the US Marshal for the winning bid of $725,000. The proceeds of that sale ("Fish Catch Sale Proceeds"), net of certain sale costs, was deposited in the registry of the Court.

An Order for Interlocutory Sale of the Vessel was entered on October 17, 1996. On December 3, 1996, the CHLOE Z was sold at auction by the US Marshal for the winning bid of $6,710,000. The proceeds of that sale ("CHLOE Z Vessel Sale Proceeds"), net of certain sale costs, was deposited in the registry of the Court.

TCW'S MOTION FOR SUMMARY JUDGMENT - 4

The complaints in intervention of Starkist, Shell Guam, and Clipper Oil Company (collectively, "Trade Claimants"), were resolved by settlement with TCW reached in 1998. In order to achieve those settlements, TCW paid a substantial sum of money to each of the Trade Claimants, and received an assignment of the Trade Claimant's claim and lien rights. Mazurek Decl. ¶ 4 and Exs. B, C and D. TCW entered those settlements in an effort to simplify the litigation. At the time, TCW was well aware that the liens of the Trade Claimants were "out of the money," since the senior liens – namely, the custodia legis lien, the Crew wage lien, the Personal Injury Claimant lien, and the Preferred Ship Mortgage lien – would certainly consume all available Vessel Sale Proceeds and Fish Catch Proceeds (and yet still leave a multi-million dollar shortfall in the payment of the Preferred Ship Morgtage lien[1]).

As noted above, the claims of all Crew also have been resolved by settlements. All settlements, including settlements made early in the case (and specifically including the six disputed settlements) have now fully agreed, paid and resolved, and all Crew wage claims have been entirely and finally resolved. See, Settlement Approval Order, entered September 19, 2001.

The Settlement Approval Order authorized disbursal to the Crew of nearly the entirety of the Fish Catch Sale Proceeds; and further authorized disbursal of the then relatively small remaining balance of Fish Catch Sale Proceeds to TCW in partial satisfaction of TCW's approved custodia legis lien. Those disbursals exhausted the entire Fish Catch Sale Proceeds.

Therefore, as a result of the various settlements entered by lead plaintiff TCW, the case is much closer to final resolution, and now stands considerably simplified. The structure of the case is now as follows:

---

[1] It is a mathematical certainty that the multi-million dollar shortfall will exist even after realization on all collateral available in this case and in the case of TCW v. F/V KASSANDRA Z, pending in the High Court of American Samoa.

TCW'S MOTION FOR SUMMARY JUDGMENT - 5

- There remains on deposit in the registry of the Court the total funds in the amount of $7,742,869.29, as of October 24, 2001. Vernier Declaration. Those funds continue to accrue interest[2]. Those funds are the remaining CHLOE Z Vessel Sale Proceeds.

- The only asserted liens against the CHLOE Z Vessel Sale Proceeds are:

  - **FIRST**, the in rem claims of the Personal Injury Claimants;

  - **SECOND**, the lien of the Preferred Ship Mortgage, held by TCW; and

  - **THIRD**, the liens of the Trade Claimants Starkist, Shell Guam, and Clipper Oil; however, as noted above, those liens have been assigned to TCW, following TCW's substantial payments to and settlements with the three Trade Claimants.

**D.    Personal Injury Claimant Liens.**

The in rem claims of the three Personal Injury Claimants, Pranjic, Matos and Mazic, have now been substantially determined by the Court. All three in rem cases have been tried, appealed, and remanded.

At this point, it is irrefutably clear from the arithmetic that the remaining CHLOE Z Vessel Sale Proceeds are <u>at least</u> some $5,500,000 in excess of the reserves needed to satisfy the <u>maximum possible</u> in rem liens of all three Personal Injury Claimants.

Here is the history of the in rem claims of the Personal Injury Claimants, leading to the present maximum liquidation value of those claims:

---

[2] The interest being earned on the CHLOE Z Vessel Sale Proceeds invested by the Clerk compares favorably to the federal judgment interest rate. The investment rate now being paid on the funds, held in two instruments, one at the Bank of Guam and another at the Bank of Hawaii, is 2.37% and 2.75%, respectively. By comparison, as of October 19, 2001, the current federal judgment interest rate is 2.37% (see, 28 U.S.C. §1961, specifying that, after December 21, 2000, the federal judgment interest rate is equal to the weekly average of 1-year constant maturity Treasury yield, which yield is available on the Federal Reserve website, *www.federalreserve.com*.)

TCW'S MOTION FOR SUMMARY JUDGMENT - 6

- Pranjic's in rem claims were tried beginning July 27, 1998. The Court entered its trial decision on January 11, 1999. The judgment award was **$577,420**. The Ninth Circuit's ruling reduced the award by about $44,000.

- Mazic's in rem claims were tried beginning July 15, 1998. The Court entered its trial decision on January 11, 1999. The judgment award was **$629,958**. The Ninth Circuit ruling reduced the award by about $43,000.

- Matos's in rem claims were tried beginning July 20, 1998. The Court entered its trial decision on February 19, 1999. The judgment award was $**621,514**. The Ninth Circuit ruling may (though not certainly) result in an increase to the award, with the addition of prejudgment interest. That prejudgment interest, if awarded, can reasonably be estimated at a maximum of, say, $242,000 (6.5 years x 6.0%).

All three cases now await the trial court's decision on post-remand motions in accordance with the appellate court's opinions.

Therefore, accounting for the Ninth Circuit rulings, and allowing for post-judgment interest, the following is the total liquidated in rem claims, which are payable by lien on the CHLOE Z Vessel Sale Proceeds:

<u>Pranjic</u>

| | |
|---|---|
| Trial Award | 577,420 |
| Ninth Circuit Reduction | (44,000) |
| Accrued Post Judgment Interest[3] | 50,675 |
| Total | 584,095 |

---

[3] This interest (for all three Personal Injury Claimants) is calculated at: 1 year x 6.0% + 1 year x 3.5%, a very liberal estimation reflecting both the date of remand of the these cases and the applicable federal judgment interest rates since that date (the reference instrument used to determine the federal judgment interest rate changed as of December 21, 2000).

TCW'S MOTION FOR SUMMARY JUDGMENT - 7

**Mazic**

| Trial Award | 629,958 |
|---|---|
| Ninth Circuit Reduction | (43,000) |
| Accrued Post Judgment Interest | 55,761 |
| Total | 642,719 |

**Matos**

| Trial Award | 621,514 |
|---|---|
| Potential Ninth Circuit Increase | 242,000 |
| Accrued Post Judgment Interest | 82,033 |
| Total | 945,547 |

| GRAND TOTAL | $2,172,361 |
|---|---|

Overall, therefore, it is clear that, even allowing for the maximum possible final adjustments, plus additional accrued interest, the total in rem liens that are held by all three Personal Injury Claimants is no more than $2.2 million[4], generously estimated.

The balance of the CHLOE Z Vessel Sale Proceeds, in excess of the reserve amount of $2.2 million, now is appropriate for disbursal to TCW.

Later, at the final conclusion of the in rem personal injury claims, the final determined liens of the Personal Injury Claimants then will be paid from the registry of the Court, and those funds will then be reimbursed by Sphere Drake, the CHLOE Z protection and indemnity insurer. The reimbursed funds in turn will be subject to TCW's Preferred Ship Mortgage lien and further subject to TCW's collateral interests under the Security Agreement and Assignment of Insurances. The final distribution, therefore, will then be made to TCW of all remaining funds

---

[4] Both the Pranjic and Matos claims, furthermore, are subject to a statute of limitations issue. That issue was remanded to the trial court for the taking of evidence. If either the trial court or the appeals court ultimately determines that the in rem claims were untimely filed, those in rem claims will be entirely eliminated. (The Mazic claim is not exposed to this issue.)

TCW'S MOTION FOR SUMMARY JUDGMENT - 8

(still leaving, as noted above, a substantial deficiency on the Ship Mortgage Lien). At that point, the case will be concluded.

### E.    Lien Priority.

There is no issue as to lien priority.

As a matter of law, the lien priority is as follows:

> (1) TCW's lien for custodial expenses [**now fully paid**];
>
> (2) Crew's wage liens [**all Crew claims are resolved and fully paid**];
>
> (3) maritime tort liens of the Personal Injury Claimants' in rem claims [**liquidated to maximum amount of $2.2million, not yet paid**];
>
> (4) TCW's preferred mortgage lien [**liquidated and undisputed; not yet paid**]; and
>
> (5) the Trade Claimants' liens [**all paid by TCW, and assigned and held by TCW**].[5]

See 46 U.S.C. §§ 31325, 31326; Cargill, Inc., Skibsassuranceforening v. M/T Pacific Dawn, 876 F. Supp. 508, 510-11 n.2 (S.D.N.Y. 1995); United States v. One 254 Ft. Freighter, M/V Andoria, 570 F. Supp. 413, 415 (E.D. La. 1983), aff'd, 768 F.2d 597 (5th Cir.1985); T. Schoenbaum, Admiralty and Maritime Law § 8-6 (1987).

TCW stipulates that the in rem liens of the Personal Injury Claimants, to the extent finally determined, are senior to TCW's Preferred Ship Mortgage lien and to the Trade Claimants' liens now held by TCW as assignee.

---

[5] Because the proceeds of the CHLOE Z are insufficient to satisfy TCW's preferred mortgage lien, the priority of the remaining claims is insignificant.

TCW'S MOTION FOR SUMMARY JUDGMENT - 9

## F.    Judgment and Order Requested.

TCW in this case is an innocent, good faith Preferred Ship Mortgagee. TCW funded the arrest and custodianship of the Vessel, for the benefit of all parties. TCW has entered settlements with all possible parties: the Crew, Starkist, Shell Guam and Clipper Oil. (TCW cannot enter settlements with the Personal Injury Claimants, since those claims are being defended by insurance defense counsel.) TCW patiently has waited to realize on its mortgage lien for more than some five and one-half years.

Summary judgment should issue when there is no genuine issue of material fact. Fed. R. Civ. P. 56, as is the case with this motion.

Submitted herewith is a requested form of Judgment and Order.

The final judgment amount should be a sum equal to $19,225,956.01 plus interest at the per diem rate of $3,580.57, from September 30, 2001, until date of entry of judgment, and disbursement to TCW should be ordered as requested in the amount of $5,500,000.00.

DATED this 26th day of October, 2001.

*Attorneys for TCW Special Credits*

**McKEOWN • VERNIER • PRICE • MAHER**

By 

D. PAUL VERNIER, JR.

TCW'S MOTION FOR SUMMARY JUDGMENT - 10

# EXHIBIT B

1 | Craig Miller
**DAVIS WRIGHT TREMAINE LLP**
2 | 2600 Century Square
1501 Fourth Avenue
3 | Seattle, WA 98101
Tel. (206) 622-3150
4 |
D. Paul Vernier, Jr.
5 | **McKEOWN • VERNIER • PRICE • MAHER**
A Joint Venture of McKeown Price LLP
6 | And Vernier & Maher LLP
115 Hesler Place • Ground Floor
7 | Governor Joseph Flores Building
Hagåtña, Guam 96910
8 | Tel. (671) 477-7059

9 | Attorneys for Plaintiff
TCW Special Credits
10 |

## UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

TCW SPECIAL CREDITS, et al.,

    Plaintiff,

  v.

FISHING VESSEL CHLOE Z, et al.,

    Defendant.

JUAN BARNADIARAN, et al.,

    Plaintiffs-in-
    Intervention.

RELATED CLAIMS-IN-INTERVENTION

No. 96-00055

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT ON PROMISSORY
NOTE, MORTGAGE AND OTHER
COLLATERAL INSTRUMENTS;
AND FOR PARTIAL DISTRIBUTION
OF VESSEL SALE PROCEEDS TO
MORTGAGEE; AND FOR ENTRY OF
JUDGMENT IN ACCORDANCE
THEREWITH; CERTIFICATE OF
SERVICE

    Having considered the motion for summary judgment and related relief brought on for

regular hearing by plaintiff TCW Special Credits ("TCW") and finding the motion to be well

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT - 1
C:\DOCUMENTS\CIVIL\TCW\PROPOSED ORDER RE TCW MSJ 102601.DOC

R E C E I V E D

McKEOWN . VERNIER .
PR CE . MAHER
DATE: 2/21/02
TIME: 8:29a .
BY: _____

1 taken, the plaintiff's motion for summary judgment and related relief is GRANTED, and NOW,
2 THEREFORE:

3     IT IS ORDERED, ADJUDGED AND DECREED:

4
5     1.     This Court has subject matter jurisdiction over this cause in that this is a civil case
6 of admiralty and maritime jurisdiction under 28 U.S.C. § 1333, and is within the scope of Federal
7 Rule of Civil Procedure 9(h), and is an action to enforce a maritime lien under the Supplemental
8 Rules for Certain Admiralty and Maritime Claims. The F/V CHLOE Z, Official No. 653391
9 ("Vessel") was within the navigable waters of the District and within the jurisdiction of this
10 Court, at the date of her arrest, on or about July 5, 1996. Service of process on all parties and
11 publication of notice of arrest of the Vessel and of this action was timely completed in proper
12
13 form. The Clerk on September 26, 1996, entered a Default against the Vessel and its owner
14 Chloe Z Fishing Co., Inc. ("CZFC, Inc."), as to TCW's Complaint. Further, on April 20, 1998,
15 the Court entered an Order of Default Against All Non-Appearing Claimants to the Vessel and
16 Against CZFC, Inc.

17     2.     TCW is the assignee, holder and mortgagee of a valid, senior Preferred Ship
18 Mortgage on the Vessel. The Preferred Ship Mortgage (together with an Assumption of Ship
19 Mortgage) was duly and properly recorded in the records of the Department of Transportation,
20
21 United States Coast Guard, at Honolulu, Hawaii, on February 15, 1990, in Book PM-33, Page 54,
22 and at Seattle, Washington, on November 18, 1991, in Book PM 208, Page 148.

23     3.     The Preferred Ship Mortgage is security for the obligations of CZFC, Inc., under
24 the Amended and Restated Promissory Note ("Term Loan Note"), and related Loan Agreement,
25

26 [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT - 2
C:\DOCUMENTS\CIVIL\TCW\PROPOSED ORDER RE TCW MSJ 102601.DOC

1 as alleged in TCW's Complaint. All amounts owed by CZFC, Inc., under the Term Loan Note, as
2 secured by the Preferred Ship Mortgage, are and constitute a senior lien on the Vessel.

3     4.     TCW is the holder of additional security under the Security Agreement and
4 Assignment of Insurances.  Those collateral instruments provide additional collateral for the
5 obligations of CZFC, Inc., sued on herein.  Those instruments are enforceable according to the
6 their terms.  By virtue of the Security Agreement, TCW holds a senior perfected lien on all
7 Collateral described and defined in that instrument, as security for all obligations of CZFC, Inc.,
8 to TCW.  By virtue of the Assignment of Insurances, TCW is the assignee and holder of a senior
9 perfected lien on all CZFC, Inc.'s rights to receipt of indemnifications, payments or proceeds
10 from the Insurances, as defined in Assignment of Insurances and including any and all
11 indemnifications, payments and proceeds relative to protection and indemnity insurance covering
12 CZFC, Inc.'s, the Vessel's or TCW's losses and/or payments (and including payments made by
13 disbursements from the CHLOE Z Vessel Sale Proceeds on deposit in the registry of the Court)
14 relative to the in rem claims of personal injury claimants Slobodan Pranjic, Robert Matos and
15 Vjeko Mazic.

16     5.     CZFC, Inc., has been continuously in default in its obligations under the Term
17 Loan Note since July 1, 1993.  Plaintiff TCW is hereby awarded money judgment against
18 Defendant CZFC, Inc., in the sum of $ 19,687,849.54.  Interest shall accrue on that judgment
19 amount from date of entry of judgment until paid, in accordance with Title 28 U.S.C. § 1961.

20     6.     The Vessel was sold on an interlocutory basis pursuant to the Order for
21 Interlocutory Sale, entered October 17, 1996.  An Order confirming sale of the was entered

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT - 3
C:\DOCUMENTS\CIVIL\TCW\PROPOSED ORDER RE TCW MSJ 102601.DOC

1 December 17, 1996.

2       7.     All properly and timely filed and perfected maritime liens on the Vessel attach to
3 the net proceeds of the sale of the Vessel ("CHLOE Z Vessel Sale Proceeds"). The CHLOE Z
4
5 Vessel Sale Proceeds remain on deposit in the registry of the Court, together with accrued
6 interest, and net of such disbursements that have been allowed under prior orders of this Court.

7       8.     TCW has entered settlements with plaintiffs in intervention Starkist Caribe, Inc.,
8 and Star-Kist Foods, Inc.; Shell Guam, Inc.; and Clipper Oil Company (all collectively, "Trade
9 Claimants"). The settlement agreements are as presented as Exhibits B, C and D to the Mazurek
10 Declaration, dated October 16, 2001. Those settlements are confirmed and approved, and TCW is
11 adjudged and confirmed as the holder of all claims and liens asserted in the complaints-in-
12
13 intervention filed by the Trade Claimants.

14       9.     The liens now remaining and each attaching to the entirety of the remaining
15 CHLOE Z Vessel Sale Proceeds, in order of priority are as follows:

16      First, in pari pasu, the in rem liens, to the extent as may be ultimately proven and
17 sustained, securing the maritime tort claims against the Vessel asserted by Slobodan Pranjic,
18 Robert Matos and Vjeko Mazic ("Personal Injury Claimants");
19
20      Second, the lien of the Preferred Ship Mortgage and of the Security Agreement, in favor
21 of and held by TCW; and

22      Third, the liens of Starkist Caribe, Inc. and Star-Kist Foods, Inc.; Shell Guam, Inc.; and
23 Clipper Oil Company (collectively, "Trade Claimants"). The liens of the Trade Claimants have
24 been assigned to and are now held by TCW.

25

26 [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT - 4
C:\DOCUMENTS\CIVIL\TCW\PROPOSED ORDER RE TCW MSJ 102601.DOC

10. As of October 24, 2001, there is in the Clerk's registry CHLOE Z Vessel Sale Proceeds in the total amount of $7,742,869.29. The CHLOE Z Vessel Sale Proceeds continue to accrue interest.

11. TCW shall have a disbursement of $5,500,000.00 from the Vessel Sale Proceeds, and disbursement in that amount is hereby ORDERED. Accordingly, the Clerk of the Court is directed forthwith to disburse funds in that amount payable to the Trust Account of D. Paul Vernier, Guam local counsel for TCW.

12. Following that disbursement, there will remain CHLOE Z Vessel Sale Proceeds adequate for the satisfaction of all possible liens held by the Personal Injury Claimants.

13. The Clerk of the Court is directed to enter judgment in accordance herewith.

DONE IN OPEN COURT this ___19th___ day of ___February___, 2002.

/s/ John S. Unpingco
_____
JUDGE

Presented by:
*Attorneys for TCW Special Credits*

McKEOWN VERNIER PRICE MAHER

By _____
D. Paul Vernier, Jr.

Notice is hereby given that this document was entered on the docket on _02/20/02_. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam

By: _____  02/20/02
Deputy Clerk   Date

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5
C:\DOCUMENTS\CIVIL\TCW\PROPOSED ORDER RE TCW MSJ 102601.DOC