DWIGHT F. RITTER, ESQ. (STATE BAR #127030)
RITTER & ASSOCIATES
2869 INDIA STREET
SAN DIEGO, CA 92103
(619) 296-0123

Attorney for Plaintiffs
ROBERT MATOS and SLOBODAN PRANJIC

**FILED**
DISTRICT COURT OF GUAM
MAY -3 2007
MARY L.M. MORAN
CLERK OF COURT

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE TERRITORY OF GUAM**

| | |
|---|---|
| TCW SPECIAL CREDITS, et al. ) | Case No. 96-00055 |
| ) | |
| Plaintiffs, ) | REQUEST FOR LEAVE TO FILE |
| ) | SUPPLEMENTAL BRIEF REGARDING |
| v. ) | MATOS AND PRANJIC PREJUDGMENT |
| ) | AND POST-JUDGMENT INTEREST; |
| FISHING VESSEL CHLOE Z, ) | SUPPLEMENTAL BRIEF REGARDING |
| Et al., ) | MATOS AND PRANJIC PREJUDMGENT |
| ) | AND POST-JUDGMENT INTEREST |
| Defendants. ) | |

Plaintiffs, ROBERT MATOS and SLOBODAN PRANJIC, by their counsel, Dwight Ritter, request leave of court to file this supplemental brief that will attempt to clarify the entitlement of MATOS and PRANJIC to pre and post-judgment interest, under 9th Circuit law, U.S. Supreme Court law, the applicable federal statutes, and Federal Rules of Civil Procedure. MATOS and PRANJIC have included with their request for leave, the supplemental brief that is a part of their request for leave to file a supplemental brief. MATOS and PRANJIC suggest the following principles of law will assist the Guam District Court

1

---
In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Supplemental Motion Regarding Prejudgment Interest and Post-Judgment Interest

Case 1:96-cv-00055   Document 1621   Filed 05/03/2007   Page 1 of 9
ORIGINAL

in reaching the required judgments under applicable legal principles:

**ROBERT MATOS STATES THE FOLLOWING IN SUPPORT:**

**I.   MATOS is entitled to prejudgment interest from his date of injury August 8, 1992.**

City of Milwaukee v. National Gypsum Company (1995) 515 U.S. 189, 115 U.S. Supreme Court 2091; (pre-judgment interest from the date of injury)

Vance v. American Hawaii Cruises, Inc. (9th Circuit, 1986) 789 Fed. 2nd 790; (pre-judgment interest from the date of injury)

Alkmeon Naviera v. M/V Marina L (9th Circuit, 1980) 633 Fed 2nd 789; (pre-judgment interest from the date of injury)

Western Pacific Fisheries, Inc. v. SS President Grant (9th Circuit 1984) 730 Fed. 2nd 1280; (pre-judgment interest from the date of injury)

Barnett v. Sealand Services, Inc. (9th Circuit, 1989) 875 Fed. 2nd 741; (pre-judgment interest from the date of injury)

Saavedra v. Korean Airlines Ltd. (9th Circuit, 1996) 93 Fed 3rd 547, 1196 A.M.C. 2113. (pre-judgment interest from the date of injury)

**II.   MATOS is entitled to prejudgment interest from the date of injury to the date of the initial, pre-appeal judgment, which is February 22, 1999.**

City of Milwaukee v. National Gypsum Company (1995) 515 U.S. 189, 115 U.S. Supreme Court 2091;

2

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Supplemental Motion Regarding Prejudgment Interest and Post-Judgment Interest
Case 1:96-cv-00055   Document 1621   Filed 05/03/2007   Page 2 of 9

Turner v. Japan Lines, Inc. (9th Circuit, 1983) 702 Fed. 2nd 752; (interest to be awarded from initial pre-appeal judgment)

Air Separation, Inc. v. Underwriters at Lords of London (9th Circuit, 1995) 45 Fed 3rd 288.

**III. MATOS is entitled to prejudgment interest at an "average" of the statutory post-judgment interest rates, pursuant to 28 U.S.C. Section 1961, which is 5.03%.**

28 U.S.C. Section 1961;

City of Milwaukee v. National Gypsum Company (1995) 515 U.S. 189, 115 U.S. Supreme Court 2091; (U.S. Supreme Court approved the method of averaging statutory post-judgment interest rates in determining prejudgment interest rates)

Air Separation, Inc. v. Underwriters at Lords of London (9th Circuit, 1995) 45 Fed 3rd 288; (post-judgment interest must be calculated on the entire judgment, including prejudgment interest)

Nelson v. Energy Measurements Group, Inc. (9th Circuit, 1994) 37 Fed.3rd 1384;

Western Pacific Fisheries, Inc. v. SS President Grant (9th Circuit 1984) 730 Fed. 2nd 1280. (post-judgment interest rates appropriate for prejudgment interest rates)

**IV. MATOS is entitled to post-judgment interest assessed on the entire judgment including the prejudgment interest.**

Turner v. Japan Lines, Inc. (9th Circuit, 1983) 702 Fed. 2nd 752; (post-judgment interest calculated on entire judgment including prejudgment interest)

3

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Supplemental Motion Regarding Prejudgment Interest and Post-Judgment Interest
Case 1:96-cv-00055   Document 1621   Filed 05/03/2007   Page 3 of 9

Air Separation, Inc. v. Underwriters at Lords of London (9th Circuit, 1995) 45 Fed 3rd 288. (post-judgment interest is required on prejudgment interest component)

V. **MATOS is entitled to prejudgment interest on "present day value" damages determined in the Unpingco order (February 19, 1999) before the initial pre-appeal entry of judgment.** Judge Unpingco determined in that order that all damages were reduced to "present day value" except the $ 50,000 award for future pain and suffering. (After contributory negligence =$ 33,333.33) Thus, all remaining MATOS damages are reduced to "present day value" and are entitled to prejudgment interest except for $ 33,333.33 in future pain and suffering.

Vance v. American Hawaii Cruises, Inc. (9th Circuit, 1986) 789 Fed. 2nd 790;

Barnett v. Sealand Services, Inc. (9th Circuit, 1989) 875 Fed. 2nd 741;

Evich v. Morris (9th Circuit, 1987) 819 Fed. 2nd 256;

Moragne v. State Marines Line (1970) 398 U.S. 375, 98 U.S. Supreme Court 1772, 26 L.ed 2nd 339;

VI. **MATOS is entitled to post-judgment interest from February 22, 1999, the date of the initial pre-appeal entry of judgment until full satisfaction of his judgment.**

28 U.S.C. Section 1961

Turner v. Japan Lines, Inc. (9th Circuit, 1983) 702 Fed. 2nd 752. (interest to be awarded from initial pre-appeal judgment)

VII. **MATOS is entitled to a post-judgment interest rate, as**

4

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Supplemental Motion Regarding Prejudgment Interest and Post-Judgment Interest
Case 1:96-cv-00055  Document 1621  Filed 05/03/2007  Page 4 of 9

mandated by 28 U.S.C. 1961, which is 4.72%, and calculated on the entire judgment, including prejudgment interest and entry of a new judgment with interest accruing to June 1, 2007.

**SLOBODAN PRANJIC STATES THE FOLLOWING IN SUPPORT:**

I.  **PRANJIC is entitled to prejudgment interest from his date of injury which is November 25, 1992.**

City of Milwaukee v. National Gypsum Company (1995) 515 U.S. 189, 115 U.S. Supreme Court 2091; (prejudgment interest from date of injury)

Vance v. American Hawaii Cruises, Inc. (9th Circuit, 1986) 789 Fed. 2nd 790; (prejudgment interest from the date of injury)

Alkmeon Naviera v. M/V Marina L (9th Circuit, 1980) 633 Fed 2nd 789; (prejudgment interest from the date of injury)

Western Pacific Fisheries, Inc. v. SS President Grant (9th Circuit 1984) 730 Fed. 2nd 1280; (prejudgment interest from the date of injury)

Barnett v. Sealand Services, Inc. (9th Circuit, 1989) 875 Fed. 2nd 741; (prejudgment interest from the date of injury)

Saavedra v. Korean Airlines Ltd. (9th Circuit, 1996) 93 Fed 3rd 547, 1196 A.M.C. 2113. (prejudgment interest from the date of injury)

II.  **PRANJIC is entitled to prejudgment interest to the date of the initial, pre-appeal judgment, which is January 11, 1999.** The Guam District Court now has the responsibility to consider all issues relating to prejudgment and post-judgment

5

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Supplemental Motion Regarding Prejudgment Interest and Post-Judgment Interest
Case 1:96-cv-00055   Document 1621   Filed 05/03/2007   Page 5 of 9

upon the entry of a judgment. Thus, the District Court must consider prejudgment interest in establishing a new PRANJIC judgment and must award prejudgment interest since no "exceptional circumstances" exist. To do otherwise would result in a "manifest injustice".

<u>City of Milwaukee v. National Gypsum Company</u> (1995) 515 U.S. 189, 115 U.S. Supreme Court 2091; (prejudgment interest is normal and proper in maritime cases unless "exceptional circumstances" exist)

<u>Vance v. American Hawaii Cruises, Inc.</u> (9th Circuit, 1986) 789 Fed. 2nd 790; (prejudgment interest allowed unless "exceptional circumstances exist)

<u>Air Separation, Inc. v. Underwriters at Lords of London</u> (9Th Circuit, 1995) 45 Fed 3rd 288; (District Court responsible for determining both prejudgment and post-judgment interest rates)

<u>U.S. v. Hauser</u> (9th Circuit, 1986) 804 Fed.2nd 567;

<u>Jeffries v. Wood</u> (9th Circuit, 1997) 114 Fed. 3rd 1984;

<u>Old Person v. Brown</u> (9th Circuit, 2002) 312 Fed. 3rd 1036;

<u>Hook v. Arizona Department of Corrections</u> (9th Circuit, 1997) 107 Fed.3rd 1397;

<u>Litton Systems, Inc. v Honeywell, Inc.</u> (9th Circuit) 238 Fed. 3rd 1376, Rehearing denied, Cert. Dismissed, 122 U.S. Supreme Court 914;

<u>Merritt v. Mackey</u> (9Th Circuit, 1991) 932 Fed. 2nd 1377;

<u>Power Agent, Inc. v. Electronic Data Systems Corp.</u> (9th

6

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Supplemental Motion Regarding Prejudgment Interest and Post-Judgment Interest
Case 1:96-cv-00055   Document 1621   Filed 05/03/2007   Page 6 of 9

Circuit, 2004) 358 Fed. 3rd 1187;

Cunningham v. Gates (9th Circuit, 2000) 229 Fed. 3rd 1271;

U.S. V. Cuddy (9th Circuit 1998) 147 Fed. 3rd 111.

**III. PRANJIC is entitled to prejudgment interest at an "average" of the statutory post-judgment interest rates pursuant to 29 U.S.C. Section 1961. That rate is 5.03%.**

28 U.S.C. Section 1961

City of Milwaukee v. National Gypsum Company (1995) 515 U.S. 189, 115 U.S. Supreme Court 2091; (Supreme Court approved the method of "averaging" statutory post-judgment interest rates in determining pre-judgment interest rates)

Nelson v. Energy Measurements Group, Inc. (9th Circuit, 1994) 37 Fed.3rd 1384;

Western Pacific Fisheries, Inc. v. SS President Grant (9th Circuit 1984) 730 Fed. 2nd 1280; (post-judgment interest rates appropriate for prejudgment interest rates)

**IV. PRANJIC is entitled to post-judgment interest assessed on the entire judgment including the prejudgment interest.**

Turner v. Japan Lines, Inc. (9th Circuit, 1983) 702 Fed. 2nd 752; (post-judgment interest on entire judgment including prejudgment interest)

Air Separation, Inc. v. Underwriters at Lords of London (9th Circuit, 1995) 45 Fed 3rd 288. (post-judgment interest required on prejudgment interest)

**V. PRANJIC is entitled to post-judgment interest from January 11, 1999, the date of the initial pre-appeal entry of**

7

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Supplemental Motion Regarding Prejudgment Interest and Post-Judgment Interest
Case 1:96-cv-00055    Document 1621    Filed 05/03/2007    Page 7 of 9

judgment, until full satisfaction of the new judgment.

28 U.S.C. Section 1961

Turner v. Japan Lines, Inc. (9th Circuit, 1983) 702 Fed. 2nd 752. (Interest to be awarded from initial pre-appeal judgment to satisfaction)

**VI.  PRANJIC is entitled to a post-judgment interest rate, as mandated by 28 U.S.C. 1961, which is 4.72%.**

28 U.S.C. Section 1961

**VII. PRANJIC concedes that his first pretrial judgment should be reduced by $ 43,901.92.**

**VIII. PRANJIC agrees that Judge Unpingco's order of February 19, 1999, did not reduce the future pain and suffering of $ 50,000 to "present day value". Thus, this amount should be reduced from the initial pre-appeal judgment in calculating PRANJIC's prejudgment interest.**

Barnett v. Sealand Services, Inc. (9th Circuit, 1989) 875 Fed. 2nd 741;

Evich v. Morris (9th Circuit, 1987) 819 Fed. 2nd 256;

Moragne v. State Marines Line (1970) 398 U.S. 375, 98 U.S. Supreme Court 1772, 26 L.ed 2nd 339;

**IX.  PRANJIC is entitled to a new judgment based on these principles with both prejudgment interest and post-judgment interest accrued to June 1, 2007.**

In conclusion, one case predominates in terms of addressing the issues before the Guam District court. In City of Milwaukee v. National Gypsum Company (1995) 515 U.S. 189, 115 U.S. Supreme

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Supplemental Motion Regarding Prejudgment Interest and Post-Judgment Interest
Case 1:96-cv-00055   Document 1621   Filed 05/03/2007   Page 8 of 9

Court 2091, the U.S. Supreme Court determined several issues directly applicable to the case at bar. First, the Court affirmed a judgment in which prejudgment interest was determined from the date of injury. Second, the Court "averaged" the prejudgment interest rates based on use of the post-judgment rates from the same period of time, and determined that this was a most fair and appropriate formula. Third, and most importantly, the Supreme Court determined that in admiralty cases, such as MATOS and PRANJIC's, it is customary and appropriate to consider and normally award prejudgment interest unless "exceptional circumstances" exist for the denial of prejudgment interest. Fourth, the court held that fault of the parties and delay in litigation, did not warrant "exceptional circumstances" for denial of prejudgment interest to the plaintiffs. The Guam District court could have no better authority than the U.S. Supreme Court on which to render prejudgment and post-judgment interest amounts for MATOS and PRANJIC.

Wherefore, MATOS and PRANJIC request the Guam District Court to enter a decision consistent with these principles and in conformity with prejudgment interest and post-judgment interest dictates in the 9th Circuit Court of Appeals and the United States Supreme Court.

Dated: 4/30, 2007

_____
DWIGHT F. RITTER, Esq.
Attorney for Plaintiffs,
ROBERT MATOS and
SLOBODAN PRANJIC

9

In re: TCW Special Credits, et al. v. F/V Chloe Z, et al. Case No. 96-00055
Supplemental Motion Regarding Prejudgment Interest and Post-Judgment Interest
Case 1:96-cv-00055   Document 1621   Filed 05/03/2007   Page 9 of 9