Jeffrey A. Cook, Esq.
**CUNLIFFE & COOK**
A Professional Corporation
Suite 200
210 Archbishop F.C. Flores Street
Hagåtña, Guam 96910
Telephone: (671) 472-1824
Telefax: (671) 472-2422

Attorneys for: Plaintiff-In-Intervention Robert Matos



FILED
DISTRICT COURT OF GUAM

DEC 1 2 2007

JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TCW SPECIAL CREDITS, *et. al.*, | CIVIL CASE NO. 96-00055 |
| Plaintiffs, | **PLAINTIFF-IN-INTERVENTION ROBERT MATOS' OBJECTION TO THE NOTICES OF LIENS FILED BY ATTORNEYS RITTER & ASSOCIATES AND DOUGHERTY & HILDRE, APC** |
| vs. | |
| FISHING VESSEL CHLOE Z, *et. al.*, | |
| Defendants. | |

Plaintiff-In-Intervention ROBERT MATOS (hereinafter "Plaintiff-In-Intervention") hereby submits his Objection to the Notices of Liens Filed by Attorneys Ritter & Associates and Dougherty & Hildre, APC, on October 16, October 19, November 6, 2007 and November 15, 2007 (the "Liens"). Plaintiff-In-Intervention objects to the Liens and hereby serves notice of his intent to move the Court to dismiss the Liens for the following reasons:

1. The Liens do not set forth the specific amount(s) being claimed by each law firm or lawyer from each Plaintiff-In-Intervention. Plaintiff-In-Intervention ROBERT MATOS and Plaintiff-In-Intervention SLOBODAN PRANJIC are not jointly and severally liable for the fees and expenses allegedly spent by the

lien claimants pursuing two separate cases;

2. The Liens wrongfully attempt to place a lien on one client's funds arising out of another client's case;

3. The Liens do not have attached to them any written contracts from which the express lien claims allegedly derive;

4. The Liens state that "Documents which support the lien for attorney's fees and costs, expenses, advances, etc., have been or will be transmitted to Banning, Micklow & Bull." Despite written requests by Banning, Micklow & Bull, the California attorneys for Plaintiff-In-Intervention, the purported lien claimants, Ritter & Associates and Dougherty & Hildre, APC, have failed and refused to provide any itemization or substantiation of the costs being claimed; and

5. The refusal of the lien claimants to provide an accounting to their former client, Plaintiffs-In-Intervention herein, is itself a breach of fiduciary duty that justifies forfeiture and dismissal of the Liens.

CUNLIFFE & COOK
A Professional Corporation
Attorneys for
Plaintiffs-In-Intervention *Robert Matos*

Dated: December 12, 2007

By _____
JEFFREY A. COOK, ESQ.

## CERTIFICATE OF SERVICE

I, **JEFFREY A. COOK**, do hereby certify that on Wednesday, December 12, 2007, I caused to have one (1) copy of Plaintiff-Intervention Robert Matos' Objection to the Notices of Liens filed by Attorney's Ritter & Asosciates and Dougherty & Hildre, APC, to be served on Dwight F. Ritter, Esq., by mailing said document as follows:

>Dwight F. Ritter, Esq.
>**RITTER & ASSOCIATES**
>2869 India Street
>San Diego, California 92103

Dated this 12th day of December, 2007.

>**CUNLIFFE & COOK**
>A Professional Corporation
>Attorneys for Plaintiff-In-Intervention
>
>By_____
>JEFFREY A. COOK, ESQ.