DISTRICT COURT OF GUAM

TERRITORY OF GUAM

**TCW SPECIAL CREDITS**, a California general partnership, as Agent and Nominee,

Plaintiff,

vs.

**F/V CHLOE Z, ...In Rem** and **CHLOE Z FISHING COMPANY, INC ...In Personam,**

Defendants.

_____

**SLOBODAN PRANJIC,**

Plaintiff in Intervention,

vs.

**F/V CHLOE Z**, et. al.,

Defendants.

_____

Civil Case No. 96-00055

**Report and Recommendation**

The Court held a status hearing on Plaintiff-Intervenor, Slobodan Pranjic's case on August 19, 2008. Present at that status hearing were Jeffrey A. Cook, Esq., of CUNLIFFE & COOK, representing Slobodan Pranjic, the Plaintiff-Intervenor; Anita P. Arriola, of ARRIOLA, COWAN, & ARRIOLA, representing the Fishing Vessel Chloe Z and Louie J. Yanza, Esq., of MAHER YANZA FLYNN TIMBLIN, LLP, representing TCW Special Credits. Also appearing telephonically were Craig Miller, Esq., of DAVIS WRIGHT TREMAINE LLP, representing TCW Special Credits, and Michael A. Barcott, Esq., of HOLMES, WEDDLE & BARCOTT, representing the Fishing Vessel Chloe Z.

The purpose of the status hearing was to inquire on a pending decision by the Court on Plaintiff-Intervenor Pranjic's motion for payment of pre-judgement and post judgment interest. This Court apologized to the parties that the matter was not sooner addressed. The Court also advised the parties that it had reviewed the moving papers and was ready to issue a decision and its Report and Recommendation with regard to the pending motion.

The Court has reviewed Pranjic's motion and supporting documents, the memorandum in opposition to the motion and documents in support thereof, the reply to the opposition, considered the arguments by the parties, and reviewed other relevant pleadings. The Court now renders its Decision in this Report and Recommendation.

**BACKGROUND**

Slobodan Pranjic was a seaman working on the fishing vessel Chloe Z (Chloe Z). During the course of his employment, he sustained an injury on November 25, 1991. On January 22, 1993, he brought a complaint against Chloe Z Fishing Company, Inc. for the injury he sustained in an action filed in the Southern District of California. Pranjic also filed another similar action in a state court in California and another similar action in a state court in Hawaii. He filed again another similar action against the Defendants in this court in 1994 in Civil Action No. 94-00014. Again, the civil action filed in this court in 1994 was to recover damages for the injury he sustained on board the Chloe Z on November 25, 1991. The latter case went to trial before a jury in this district. In its verdict on July 19, 1996, the Guam jury awarded Pranjic $765,000.00 in damages. Pursuant to the jury award, judgment was entered in CV No. 94-0014 in his favor on July 26, 1996. The judgment included an award of interest from the date of judgment at the rate of 5.89 % per annum.

In the meantime, Chloe Z Fishing Company went out of business, leaving no source of payment for Pranjic's judgment. Pranjic was thus left with a judgment against the owner of the fishing vessel Chloe Z with no source for its payment.

On July 5, 1996, TCW Special Credits, a California general partnership, as Agent and Nominee, filed this present action against the Fishing Vessel Chloe Z *in rem* and against its owner, Chloe Z Fishing Company, Inc. *in personam*. TCW Special Credits sought to foreclose

its lien on the Chloe Z vessel. Pranjic, realizing that his judgment against Chloe Z Fishing Company was not collectible, sought to intervene in this action to present his personal injury claim as an *in rem* action against the vessel. His request to intervene was granted December 2, 1996. His claim came on for trial on July 27, 1998. On January 11, 1999, the Court ruled in Pranjic's favor and awarded him the sum of $577,420.92 but denied his request for pre-judgment interest, stating: " Plaintiff has not shown any support in law for his prayer for pre-judgment interest". The Clerk of Court entered Judgment on January 11, 1999. The judgment was entered on the docket on the same day.

On January 22, 1999, Chloe Z appealed the aforesaid judgment. Pranjic did not timely file a cross appeal on the denial of his pre-judgment interest. On March 26, 1999, he filed a motion for an extension of time to file a cross appeal. While filing an extension motion, he simultaneously filed a notice of cross appeal placing in issue the denial of pre-judgment interest. Pranjic's extension motion was eventually denied by the Court on September 21, 1999. On November 18, 1999, the Ninth Circuit dismissed his cross appeal for lack of jurisdiction.

In its appeal, Chloe Z raised four issues with the Ninth Circuit: (1) the court's denial of its motion to dismiss claims as res judicata, (2) the court's decision to apply the doctrine of equitable estoppel, (3) the court's decision not to reduce Pranjic's future lost wages to account for applicable Croatian income taxes, and (4) the court's award of $43,951.92 in past medical expenses.

The Ninth Circuit issued its memorandum decision on September 8, 2000. Therein, it affirmed the court's decision on issues (1) and (2). It remanded to the court issue (3) for further proceedings to conduct an evidentiary hearing on the equitable estoppel issue and reversed the court's decision on issue (4).

As a result of Chloe Z's appeal, Pranjic was left with a judgment in the amount of **$533,469.00** and a remand to the trial court to consider whether the defendant was estopped from asserting a statute of limitation defense.

Following remand, this Court held an evidentiary hearing and ultimately issued its ruling on April 8, 2004. The Court found that there was no misrepresentation by Chloe Z and thus it

was not barred from asserting a statute of limitations defense. Finding a bar to the prosecution based upon the statute of limitations, the Court vacated the prior *in rem* judgment in Pranjic's favor.

Pranjic thereafter appealed. On appeal, the Ninth Circuit found that Pranjic's *in rem* action was never barred by the statute of limitations. Having so concluded, the Ninth Circuit Court reinstated Pranjic's original *in rem* judgment.

Pranjic then filed his motion asking the court to establish pre-judgment and post judgment interest on his now reinstated *in rem* judgment.

## DISCUSSION

Plaintiff-Intervenor asks the Court to award him pre-judgment and post judgment interest. He seeks pre-judgment interest from the date of his injury to the date of his *in rem* judgment and post judgment interest thereafter.

*A. Pre-judgment interest.*

Chloe Z objects to Pranjic's request for pre-judgment interest because he did not timely appeal his denial of pre-judgment interest. Pranjic advises the Court that such appeal was not required because case law requires the trial court to award pre-judgment interest unless peculiar circumstances warrant its denial. The Court has reviewed Pranjic's arguments in this regard and is not convinced by it.

The sole purpose of an appeal is to seek review from a higher tribunal so that issues incorrectly decided below may be corrected by the higher tribunal. Pranjic's case proceeded on its own. He stood alone. He had his own day in court. He had a judgment separate from Martos and all the other plaintiffs-intervenors in this case. Every trial court decision that aggrieved him should have been appealed. He could not rely on an appeal by any other plaintiff-intervenor. The other plaintiff-intervenors would have no standing to appeal on his behalf. Each party had the responsibility to appeal solely on its own behalf. Pranjic found it proper to appeal the Court's decision of April 8, 2004. It was a necessary appeal. Otherwise, he would have been left with no recourse for judgment against the defendant. By the same token, his failure to appeal the denial of pre-judgment interest leaves him with no recourse to revive that error in the court's decision.

A trial court undertakes proceedings consistent with the higher court's decision after an appeal. The Ninth Circuit's decisions are always instructional to cases of similar vein. It is, however, binding and mandatory only upon the case at hand. In Pranjic's situation, the Ninth Circuit's mandate, after Chloe Z's of the January 11, 1999 judgment, was solely to conduct an evidentiary hearing on the estoppel issue. Unlike the mandate from the Martos case appeal, the trial court was not directed in this proceeding to determine whether peculiar circumstances justified denial of the pre-judgment interest Pranjic sought in his complaint. Lacking a mandate from the Ninth Circuit, this Court will not do so. More importantly, when the Ninth Circuit Court reinstated Pranjic's judgment after its finding that the statute of limitations was not a bar, it left Pranjic with a judgment in which his request for pre-judgment interest was denied.

Based upon the reasons stated above, this Court finds that Pranjic is not entitled to pre-judgment interest because he failed to timely appeal the denial of pre-judgment interest from the judgment entered on the docket of this court on January 11, 1999.

*B. Appropriate Date for the Entry of Judgment.*

The next inquiry for the Court is to determine the date for entry for the judgment. Pranjic asks the Court to enter judgment using the date of the original *in rem* judgment. Chloe Z, while acknowledging that case law permits the Court to award interest using the date of the original *in rem* judgment, asks the Court to use a different date. It contends that using the original *in rem* judgment date presents a serious problem for Pranjic since Guam's statutory time limit for execution of judgment is effectively six (6) years. See 7 Guam Code Ann. § 23106.[1] The Court acknowledges that Guam law provides for a general six-year time limit for the execution of judgments. Section 23106, however, permits execution on judgments after the six-year period

---

[1] This statute provides:

In all cases the judgment may be enforced or carried into execution after the time lapse of six years from the date of entry, by leave of Court, upon motion, or by judgment for that purpose, founded upon supplemental pleadings; but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation at the time of the taking affect of this section.

Page -5-

Case 1:96-cv-00055   Document 1646   Filed 08/26/2008   Page 5 of 7

has expired with leave of Court and upon motion. The Court, on its own motion, may revive an otherwise expired judgment for execution. More importantly, the Court treats the issue of execution of the judgment before it as "self-executing". The funds to pay the judgment is before the Court and the entry of judgment would be accompanied by an order for its payment from the funds within the court's registry. There would be no need for Pranjic to seek a writ for the execution of the judgment.

The Court also finds that Section 23106 of Title 7 of Guam's Code Annotated may not be applicable to the circumstances of the present case. The statute appears to refer to a judgment capable of execution or where execution is available to the judgment creditor. In this case, the Court has stayed execution of Pranjic's judgment at Chloe Z' request since the filing of its appeal on January 22, 1999. Upon entry of a judgment pursuant to the respective mandates from the Ninth Circuit, the Court may very well find no further need to stay execution herein.

C. *Post Judgment Interest*:

Post judgment is calculated pursuant to 28 U.S.C.A. § 1961 (a). At the time of the entry of original *in rem* judgment, the above section required post judgment interest to be calculated at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of judgment. A review of the T-Bill rate table immediately prior to the date of judgment (January 11, 1999) shows this rate to be **4.545%**. The Court will therefore award this rate for post judgment interest. In computing interest, the Court notes that 28 U.S.C.A. § 1961 (b) requires the Court to compute interest daily to the date of payment. It also requires the Court to compound interest annually. The Court will do so in its computation. Applying the applicable rate of 4.545% and compounding interest annually, the Court computes post judgment interest on a judgment in the amount of **$533,469.00** as follows:

| Time Period | Interest | Total Sum |
|---|---|---|
| 01-11-99 to 01-10-00 | $24,246.17 | $ 557,715.17 |
| 01-11-00 to 01-10-01 | $25,348.15 | $ 583,063.32 |
| 01-11-01 to 01-10-02 | $26,500.23 | $ 609,563.55 |

Case 1:96-cv-00055   Document 1646   Filed 08/26/2008   Page 6 of 7

| | | |
|---|---|---|
| 01-11-02 to 01-10-03 | $27,704.66 | $ 637,268.21 |
| 01-11-03 to 01-10-04 | $28,963.84 | $ 666,232.05 |
| 01-11-04 to 01-10-05 | $30,280.25 | $ 696,512.30 |
| 01-11-05 to 01-10-06 | $31,656.48 | $ 728,168.78 |
| 01-11-06 to 01-10-07 | $33,095.27 | $ 761,264.05 |
| 01-11-07 to 01-10-08 | $34,599.45 | $ 795,863.50 |
| 01-11-08 to 08-26-08 | $22,595.11 | $ 818,458.61 |

In computing the interest amount of $22,491.47 from January 11, 2008 to August 26, 2008, the Court has calculated the total number of days between the said period to be two hundred twenty-eight (228) days. The Court has taken amount of $795,863.50 and multiplied it by the 4.545% rate, divided it by 365[2] and multiplied the answer by 228.

The Court thus finds Pranjic to be entitled to the sum of **$284,989.61** as post judgment interest, with interest accruing until paid in the amount of $99.10 per day to January 10, 2009[3].

## CONCLUSION

The Court hereby recommends the entry of judgment against the Defendant in favor of Plaintiff-Intervenor Slobodan Pranjic in the sum of **$818,458.61** with interest accruing until paid in the amount of **$99.10** per day.

Dated this 26th day of August, 2008.



**/s/ Joaquin V.E. Manibusan, Jr.**
**U.S. Magistrate Judge**

---

[2]The Court has decided to use 365 as the dividing number instead of 360.

[3]If the judgment remains unpaid as of January 10, 2009, interest must be re-computed to take into consideration compounding.