Michael A. Barcott
HOLMES WEDDLE & BARCOTT
999 Third Avenue, Suite 2600
Seattle, Washington 98104
(206) 292-8008
(206) 340-0289 FAX

Anita P. Arriola
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagatna, GU 96932
(671) 477-9730
(671) 477-9734 FAX

Attorneys for the M/V CHLOE Z



FILED
DISTRICT COURT OF GUAM

SEP 0 3 2008

JEANNE G. QUINATA
Clerk of Court

## DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| TCW SPECIAL CREDITS, et al., | Civil Case No. 96-00055 |
|---|---|
| Plaintiffs, | |
| vs. | |
| F/V CHLOE Z, et al., | |
| Defendants. | **REQUEST FOR RECONSIDERATION** |
| ROBERT MATOS, | |
| Plaintiff-in-Intervention, | |
| vs. | |
| M/V CHLOE Z, et al., | |
| Defendants. | |

The vessel CHLOE Z requests that the Magistrate rule on one issue which was presented in the motion papers, which was not mentioned in the Report and Recommendation of August 26, 2008. CHLOE Z does <u>not</u> re-argue any of the issues resolved in the recent Report and

1

Recommendation, but asks only that this one issue be considered and a recommendation issued thereon.

In the Matos matter there is a recommendation that prejudgment interest be awarded with the date of judgment as February 19, 1999. In his calculation, however, the Magistrate recommended prejudgment interest on the <u>entire</u> judgment amount, including those amounts for damages which accrued after February 19, 1999. In his decision of February 19, 1999, Judge Unpingco explicitly separated those components of the judgment which predated the judgment date and those components of the judgment which postdated the judgment date. Specifically, Judge Unpingco awarded $210,058.73 for <u>past</u> wage loss and $50,000.00 for <u>past</u> pain and suffering. See judgment of February 19, 1999 at pages 9-10. Both of these numbers were then reduced by 33% to account for plaintiff's comparative negligence. The remainder of the judgment amount was for future wage loss and future pain and suffering.

It is black letter law that prejudgment interest is not allowable with respect to losses that will accrue subsequent to judgment. As stated by the Ninth Circuit "Nor is prejudgment interest allowable with respect to losses that will accrue subsequent to judgment." *Columbia Brickworks v. Royal Insurance Company*, 768 F.2d 1066, 1068 (9th Cir. 1985) citing *Wyatt v. Penrod Drilling Company*, 735 F.2d 951, 955-56 nn. 3, 4 (5th Cir. 1984). See also *Pickle v. International Oil Field Divers, Inc.*, 791 F.2d 1237, 1241 (5th Cir. 1986), *Borges v. Our Lady of the Sea Corp.*, 935 F.2d 436, 444-45 (2nd Cir. 1994).

The appropriate sum upon which to calculate prejudgment interest, therefore, is $174,238.86. ($210,058.73 in past wage loss, plus $50,000 for past pain and suffering reduced by 33%.) Because this prejudgment interest amount also impacts the post judgment interest recommendation, both prejudgment interest and post judgment interest must be recalculated.

Utilizing precisely the same interest rate, time periods, formula, and methodology as this Magistrate, the prejudgment interest calculations should be as follows:

| Time Period | Interest | Total Sum |
|---|---|---|
| 08-08-92 to 08-07-93 | $8,781.65 | $183,020.65 |
| 08-08-93 to 08-07-94 | $9,224.24 | $192,244.89 |
| 08-08-94 to 08-07-95 | $9,689.14 | $201,934.03 |
| 08-08-95 to 08-07-96 | $10,177.48 | $212,111.50 |
| 08-08-96 to 08-07-97 | $10,690.42 | $222,801.91 |
| 08-08-97 to 08-07-98 | $11,229.22 | $234,031.12 |
| 08-08-98 to 02-18-99 | $6,301.53 | $240,332.64 |

This yields a total prejudgment interest of $66,093.68. When added to the judgment principal amount of $621,514.50, this yields a total judgment value as of the date of judgment of $687,608.19.

Utilizing precisely the same time periods, interest rate and methodology that Magistrate Manibusan utilized for post-judgment interest, yields the following results.

| Time Period | Interest | Total Sum |
|---|---|---|
| 02-19-99 to 02-18-00 | $31,519.96 | $719,128.13 |
| 02-19-00 to 02-18-01 | $32,964.83 | $752,092.96 |
| 02-19-01 to 02-18-02 | $34,475.94 | $786,568.90 |
| 02-19-02 to 02-18-03 | $36,056.32 | $822,625.21 |
| 02-19-03 to 02-18-04 | $37,709.14 | $860,334.34 |
| 02-19-04 to 02-18-05 | $39,437.73 | $899,772.06 |
| 02-19-05 to 02-18-06 | $41,245.55 | $941,017.61 |
| 02-19-06 to 02-18-07 | $43,136.25 | $984,153.85 |
| 02-19-07 to 02-18-08 | $45,113.61 | $1,029,267.40 |
| 02-19-08 to 08-26-08 | $24,431.03 | $1,053,698.43 |

Interest would continue to accrue at the rate of $132.33 per day.

This issue was raised in CHLOE Z's Memorandum of Points and Authorities in Opposition to Claimant's Motion to Establish Prejudgment Interest filed on November 1, 2006 at pages 10 and 11.

Accordingly, CHLOE Z requests the Magistrate issue a revised report and recommendation in the Matos matter taking into account this issue.

Respectfully Submitted this 3rd day of September, 2008.

                                **ARRIOLA, COWAN & ARRIOLA**

                                */s/ Anita P. Arriola*

                                **ANITA P. ARRIOLA, ATTORNEY FOR CHLOE Z**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September, 2008, a true and correct copy of the foregoing was sent via U.S. Mail to:

William Banning
Banning Micklow & Bull LLP
501 West Broadway, Suite 2090
San Diego, CA 92101-8563

Kurt Micklow
Managing Partner
Banning Micklow (San Francisco)
One Market, Steuart Tower, Suite 1440
San Francisco, CA 94105-1528

Craig Miller
Davis Wright Tremaine LLP
2600 Century Square
1501 Fourth Avenue
Seattle, WA 98101-1688

Dwight F. Ritter
RITTER & ASSOCIATES
2869 India Street
San Diego, CA 92103

and via Hand Delivery to:

Jeffrey A. Cook
Cunliffe & Cook, P.C.
Ste. 200, 210 Archbishop Flores Street
Hagatna, Guam 96910

Louie J. Yanza, Esq.
Maher Yanza Flynn Timblin LLP
115 Hesler Place, Ground Floor
Gov. Joseph Flores Building
Hagatna, Guam 96910-5004

/s/ Anita P. Arriola
**ANITA P. ARRIOLA**

5

Case 1:96-cv-00055   Document 1648   Filed 09/03/2008   Page 5 of 5